Elaina **FISCHER**, Appellant,

v.

**MBNA AMERICA BANK, N.A., Appellee.**

No. 2006–CA–000525–MR.

Court of Appeals of Kentucky.

March 16, 2007.

Discretionary Review Denied by Supreme Court Sept. 12, 2007.

Fred E. Fischer, Joseph Michael Kelly, Fischer & Kelly, Louisville, KY, for appellant.

Sarah A. Veith, Javitch, Block & Rathbone, LLP, Cincinnati, OH, for appellee.

Before TAYLOR·and WINE, Judges; PAISLEY,[1] Senior Judge.

---

## OPINION

TAYLOR, Judge.

This appeal addresses the interpretation and application of various provisions of the Kentucky Uniform Arbitration Act (KUAA) set forth in Kentucky Revised Statutes (KRS) 417.045 *et seq.* Elaina Fischer brings this appeal from a February 21, 2006, Order of the Jefferson Circuit Court setting forth findings of fact and conclusions of law in conjunction with an Order entered November 30, 2005. That order had stricken Elaina's Answer and Counterclaim in response to MBNA's Petition and Application·to Confirm and Enforce Arbitration Award pursuant to KRS 417.150 and KRS 417.180. For the reasons hereafter stated, we reverse and remand with directions.

### I. BACKGROUND

This case arises from the issuance of a credit card by MBNA to Elaina and the disputed obligations owed thereunder. MBNA alleged that prior to May 2004, MBNA and Elaina had entered into an agreement in conjunction with the issuance of a credit card to Elaina for her personal use. MBNA alleges that the agreement provides for binding arbitration of any disputes arising out of Elaina's use of the credit card and any other claims arising therefrom. MBNA subsequently obtained an arbitration award from the National Arbitration Forum (NAF) and judgment enforcing that award from the Jefferson Circuit Court. The underlying facts and events relevant to this appeal are somewhat convoluted and thus, are chronologically summarized as follows:

—On May 27, 2004, MBNA initiated an arbitration proceeding with the NAF

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

to collect an outstanding balance owed on the credit card issued by MBNA to Elaina.

—On June 9, 2004, Elaina filed a response with the NAF styled "Respondent's Objection And Motion To Dismiss." Thereupon, Elaina objected to the arbitration of the claim, asserting that there was no "written agreement" between the parties and as a result, Elaina could not be required to arbitrate the claim.

—On August 12, 2004, the arbitrator from the NAF entered an award in favor of MBNA in the amount of $14,338.66. Elaina alleges that she did not participate in this arbitration proceeding since she had objected to the proceeding on the grounds that there did not exist a written agreement and that MBNA had failed to obtain a court order pursuant to KRS 417.060 to compel arbitration between the parties.

—On September 3, 2004, Elaina filed a complaint and motion to vacate in the United States District Court for the Western District of Kentucky at Louisville, challenging the arbitration award entered in favor of MBNA.

—On May 17, 2005, the United States District Court for the Western District of Kentucky at Louisville dismissed Elaina's complaint, without prejudice, on the premise that the federal court lacked subject matter jurisdiction.

—On May 26, 2005, Elaina filed a Fed.R.Civ.P. 59 motion to amend the order dismissing the complaint with the United States District Court for the Western District of Kentucky at Louisville.

—On June 22, 2005, MBNA filed its Petition and Application To Confirm And Enforce Arbitration Award in the Jefferson Circuit Court. In conjunction with this petition, a summons was issued and served with the petition on Elaina on June 30, 2005.

—On July 5, 2005, the Jefferson Circuit Court entered an Order of Judgment, granting MBNA judgment against Elaina in the amount of $14,338.66, plus interest and costs.

—On July 8, 2005, Elaina filed an Answer and Counterclaim in the Jefferson Circuit Court in response to the summons served on June 30, 2005.

—On July 18, 2005, MBNA filed a motion in the Jefferson Circuit Court to strike the Answer and Counterclaim filed by Elaina.

—On August 3, 2005, Elaina filed a motion in Jefferson Circuit Court to vacate the Order of Judgment that had been entered in favor of MBNA on July 5, 2005.

—On August 26, 2005, the United States District Court for the Western District of Kentucky at Louisville denied Elaina's CR 59 motion to amend the order dismissing her complaint entered on May 17, 2005.

—On November 30, 2005, the Jefferson Circuit Court entered an order striking Elaina's Answer and Counterclaim, upholding the Order and Judgment entered by the circuit court on July 5, 2005.

—On December 6, 2005, Elaina filed a motion with the Jefferson Circuit Court pursuant to Ky. R. Civ. P. (CR) 52.02 requesting the court to make findings of fact and conclusions of law in support of the order entered on November 30, 2005.

—On February 21, 2006, the Jefferson Circuit Court entered an order setting forth its findings and conclusions in support of its Order and Judgment originally entered on July 5, 2005. This was a final and appealable order.

—This appeal followed by Notice of Appeal filed on March 9, 2006.

## II.  STANDARD OF REVIEW

We begin our analysis by determining the appropriate standard of review. In this case, the Jefferson Circuit Court made specific findings and conclusions in support of its judgment enforcing the arbitration award. Accordingly, our initial review is premised upon CR 52.01, which provides that findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the circuit court to judge the credibility of the witnesses. However, in this instance, the circuit court did not hear witnesses before entering judgment nor do we believe the circuit court made any factual findings that are clearly erroneous. Thus, our review for errors in this case is limited to questions of law which are reviewed *de novo* and legal conclusions made thereon by the circuit court will not be disturbed absent an abuse of discretion. *Conseco Finance Servicing Corp. v. Wilder*, 47 S.W.3d 335 (Ky.App.2001); *Carroll v. Meredith*, 59 S.W.3d 484 (Ky.App.2001).

## III.  LEGAL ANALYSIS

We now look to the controlling law that applies to arbitration proceedings in Kentucky. The record reflects that the alleged agreement between the parties provides for arbitration and purportedly references the Federal Arbitration Act (FAA) codified at 9 U.S.C. §§ 1–16. The arbitration rules of the NAF also reference the applicable federal statutes. However, as noted in the factual analysis above, the United States District Court dismissed the complaint filed by Elaina challenging the arbitration award for lack of subject matter jurisdiction. MBNA then sought to enforce the arbitration award in the Jefferson Circuit Court pursuant to the KUAA. The KUAA is codified at KRS 417.045 *et seq.* The Order of Judgment and subsequent order reaffirming this judgment entered by the Jefferson Circuit Court was based upon the applicable Kentucky statutes. MBNA's arguments submitted on this appeal are also premised upon the interpretation and application of the Kentucky statutes. Our highest Court has noted that the relevant provisions of the FAA and KUAA are virtually identical. *Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850 (Ky. 2004). Accordingly, in this appeal, this Court will apply the applicable provisions of the KUAA as set forth in KRS 417.045 *et seq.* to address the legal issues raised.

Kentucky law generally favors the enforcement of arbitration agreements. *Kodak Mining Co. v. Carrs Fork Corp.*, 669 S.W.2d 917 (Ky.1984). In 1984, the Kentucky General Assembly adopted the Uniform Arbitration Act which as noted, is codified at KRS 417.045 *et seq.* It is well-settled that interpretation of a statute is a matter of law for the court. *City of Worthington Hills v. Worthington Fire Protection District*, 140 S.W.3d 584 (Ky.App. 2004). Thus, when interpreting a statute, the legislative intent is paramount.

The first basic requirement for our review under the KUAA is whether there exists a written agreement to submit a controversy to arbitration or a provision in a written contract that requires arbitration of any controversy thereafter arising between the parties. KRS 417.050. The statute provides that such agreements are valid, enforceable, and irrevocable. In our review of the record in this case, we do not find any written agreement between the parties to arbitrate the controversy now on appeal. In response to MBNA's notice of its intention to arbitrate this dispute before the NAF, we do find Elaina's objec-

tion and motion to dismiss. In this objection, Elaina states that she:

> [O]bjects to the arbitration of the within claim on the grounds that there is in existence no "written agreement" between the parties allowing for, or requiring, arbitration.

She further stated in her objection that she could not be required to arbitrate the claim and declined to plead further in the NAF proceeding. This response clearly reflected Elaina's refusal to arbitrate on the grounds that there did not exist a written agreement, which is mandatory for any party to proceed to arbitration under the KUAA.

Upon receipt of this objection and refusal to arbitrate, it was incumbent upon MBNA under KRS 417.060(1) to obtain a court order to proceed with the arbitration. In fact, this statute explicitly provides that if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to determine whether an agreement exists. If a written agreement does exist, the court shall order arbitration—otherwise a moving party's application to arbitrate would be denied. In this case, MBNA did not proceed to court to obtain an order to arbitrate the dispute when placed upon notice that Elaina was challenging the proceeding on the ground that there existed no written agreement. The Jefferson Circuit Court failed to address this issue which is clearly reversible error under the KUAA and an abuse of discretion in our opinion.

While the circuit court did not address the issue of whether there existed a written agreement between the parties, we believe other errors in the application of the KUAA were made. As noted in the factual summary, MBNA filed this action in the Jefferson Circuit Court to confirm the arbitrator's award and to obtain judgment thereon in accordance with KRS 417.150 and KRS 417.180. The circuit court then entered its Order of Judgment on the premise that Elaina had not sought to modify or vacate the award within ninety days of entry of the award by the arbitrator on August 12, 2004, as required in KRS 417.160 and KRS 417.170. Thus, entry of the Order of Judgment was made without regard to Elaina's objection. For the reasons that follow, we disagree with the circuit court's analysis and conclusion regarding the application and interpretation of these statutes.

As noted, after entry of the arbitration award, Elaina immediately challenged the award by timely filing a complaint in the United States District Court for the Western District of Kentucky, on September 3, 2004. This was well within the ninety-day period required by KRS 417.160 and KRS 417.170. On May 17, 2005, the federal court dismissed the action, without prejudice, for want of jurisdiction. To further complicate matters, shortly thereafter on June 22, 2005, MBNA filed its petition in Jefferson Circuit Court to confirm and enforce the arbitration award under the KUAA. Elaina timely filed an answer and counterclaim on July 8, 2005. Unbeknownst to Elaina, without notice or hearing, the Jefferson Circuit Court entered an Order of Judgment on the arbitration award in favor of MBNA on July 5, 2005. The circuit court then struck the answer and counterclaim filed by Elaina from the record on the premise that the filing of the federal action did not toll the ninety-day period in which she had to dispute the arbitration award. The circuit court further ruled that even if the time had been tolled, Elaina failed to timely file an action as contemplated by the statutes, holding that Elaina's counterclaim was not sufficient. Again, we believe the circuit court

has misinterpreted applicable law and committed reversible error on this issue.

As concerns the effect of the dismissal of the federal court action, it is clear that the savings provision found in KRS 413.270 preserved Elaina's right to challenge the arbitration award in state court. This savings statute provides that if an action is commenced in due time and in good faith in any court in this state and is subsequently dismissed for lack of jurisdiction, the plaintiff has ninety days from the date of dismissal to commence a new action in the proper court. In this case, MBNA beat Elaina to the courthouse by filing its complaint to enforce the award before Elaina could file a new action in state court. However, Elaina did file an answer and counterclaim which asserted among various defenses, her denial that the parties had ever entered into a written agreement to arbitrate disputes regarding the credit card account. A counterclaim in and of itself is the pleading of a cause of action in favor of a defendant against a plaintiff which arises out of the transactions stated in a complaint which form the foundation of the plaintiff's claim that initiated the action. *Conley v. Coburn*, 297 Ky. 292, 179 S.W.2d 668 (1944).

The KUAA clearly provides that a party has ninety days after delivery of an arbitration award to challenge the award. We can find no legal barrier that would preclude a party adversely affected by an award of an arbitrator to assert a counterclaim challenging the award, if the prevailing party files an application with the court to confirm the award during the ninety-day period the aggrieved party has available to challenge the arbitration award. Otherwise, it would be conceivable that there could be two separate actions filed by the parties to the arbitration in the circuit court involving the same transaction and the same legal issues. This would clearly be a waste of judicial resources and certainly usurp the legislative intent regarding the rights of the parties under the KUAA.

In sum, we hold the circuit court erred in granting an Order of Judgment on the arbitration award.

For the foregoing reasons, the Order of the Jefferson Circuit Court is reversed, the arbitration award is set aside, and this cause remanded to the Jefferson Circuit Court with directions that it determine the existence of a written agreement between the parties to arbitrate this dispute. If such a written agreement is determined to exist, the court shall order arbitration of the dispute by the parties in accordance with the agreement and the KUAA. If there exists no written agreement, arbitration shall not be permitted in the dispute.

ALL CONCUR.