**FIA CARD SERVICES, N.A., f/k/a MBNA America Bank, N.A., Appellant,**

v.

**Michael P. CALLAHAN, a/k/a Michael Callahan, Appellees.**

No. 2008–CA–000732–MR.

Court of Appeals of Kentucky.

Nov. 13, 2009.

---

**3.** *See Grieb v. National Bond and Investment Company,* 264 Ky. 289, 94 S.W.2d 612 (1936).

Megan J. Linder, Cincinnati, OH, for appellant.

No Brief for appellee.

Before ACREE, TAYLOR and THOMPSON, Judges.

## OPINION

ACREE, Judge.

FIA Card Services, N.A., formerly known as MBNA America Bank N.A. (FIA), appeals from the denial by the Jefferson Circuit Court of FIA's Petition and Application to Confirm and Enforce Arbitration Award against Michael Callahan. No brief was filed on behalf of Callahan. After considering the record in this case and the law applicable thereto, we find that the trial court should have confirmed and enforced the arbitration award. Accordingly, we reverse.

Callahan applied for and was granted a credit card account from FIA. Part of the agreement provided that all claims arising from the account would be resolved through binding arbitration. Callahan subsequently failed to make monthly payments on the card.

FIA then pursued arbitration with the National Arbitration Forum (NAF). Callahan was personally served with notice of the arbitration proceedings on July 18, 2007. He chose not to file an action with the circuit court pursuant to Kentucky Revised Statutes (KRS) 417.060 to stay the arbitration. This statute specifically authorizes a circuit court to "stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate." KRS 417.060(2).

During the arbitration proceedings, Callahan did not object either to the jurisdiction of the arbitrator or to the existence of an arbitration agreement. The arbitrator found that: (1) the parties agreed to binding arbitration; (2) no party claimed the arbitration agreement was invalid; (3) Callahan was properly served with the arbitration claim; and (4) the arbitration proceeded in accordance with the NAF Code of Procedure. On September 28, 2007, the arbitrator issued an award in FIA's favor in the amount of $14,186.17.

On October 1, 2007, in accordance with the arbitration agreement, a copy of the award was served upon FIA and Callahan. Callahan did not apply to the circuit court to vacate the award in accordance with KRS 417.160, or to modify or correct the award in accordance with KRS 417.170. He simply failed to pay FIA the amount awarded.

On February 29, 2008, pursuant to KRS 417.150, FIA filed a petition with the circuit court to confirm and enforce the award. Callahan was served with sum-

mons and a copy of the petition on or about March 7, 2008. He failed to respond.

Nevertheless, on March 12, 2008, the circuit court denied FIA's petition giving as its reasoning that FIA failed to present the court with a "copy of *signed* agreement to arbitrate." (Trial Court's Order, March 12, 2008; underlining in original). This appeal followed.

The trial court's ruling presents a question of law: Is independent proof of an agreement to arbitrate a prerequisite to confirmation of an arbitration award under Kentucky's Arbitration Act?

Questions of law are reviewed for error by appellate courts *de novo;* the trial court's legal conclusions will not be disturbed absent an abuse of discretion. *Carroll v. Meredith,* 59 S.W.3d 484, 489 (Ky. App.2001). A trial court has abused its discretion when its actions were arbitrary, unreasonable, unfair or unsupported by sound legal principles. *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.2000).

We begin with the statute upon which FIA bases its right to confirmation of the arbitration award.

> Upon application of a party, the court *shall confirm an award unless,* within the time limits hereinafter imposed, grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in KRS 417.160 and 417.170.

KRS 417.150 (emphasis supplied). Callahan did not urge grounds for vacating, modifying or correcting the award. In fact, by the time FIA filed its petition for confirmation of the award in February 2008, Callahan's opportunity to challenge the award under either KRS 417.160 or KRS 417.170 had passed. KRS 417.160(2) ("application ... shall be made within ninety (90) days after delivery of a copy of the award"); KRS 417.170(1) ("application

[shall be] made within ninety (90) days after delivery of a copy of the award"). Under such circumstances, the circuit court lacked the discretion to do anything other than confirm the award.

When the circuit court required FIA to prove Callahan had agreed to arbitrate by offering into evidence a signed arbitration agreement, it effectively added language to KRS 417.150 that is not there. This is impermissible. *Morsey, Inc. v. Frazier,* 245 S.W.3d 757, 760 (Ky.2008)("court must seek to harmonize all provisions of a statute and neither add to nor subtract from its language"). We believe the court was well intentioned. However, no court can "refuse[ ] to ignore the statute's plain meaning" even if doing so appears to the court to "further or more efficiently accomplish the legislative purpose." *Id.* (pertaining in that case to workers' compensation laws).

It is possible that the Jefferson Circuit Court read too broadly the recent ruling by this Court in *Fischer v. MBNA America Bank, N.A.,* 248 S.W.3d 567 (Ky.App. 2007). The appellant in *Fischer* clearly and consistently denied the existence of an agreement to arbitrate, raising the objection both prior to and during the arbitration itself. Fischer further properly raised this issue before the circuit court in challenging the award under KRS 417.160. Callahan never denied the existence of such an agreement and thereby waived his right under the Arbitration Act to do so.

For the foregoing reasons, we reverse the March 12, 2008 order of the Jefferson Circuit Court and remand with instructions to grant FIA's petition to confirm the arbitration award.

ALL CONCUR.