RENDERED: JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1181-MR

STEPTOE & JOHNSON PLLC          APPELLANT

v.          APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 10-CI-00505

D. ERIC LYCAN          APPELLEE

OPINION
VACATING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

KAREM, JUDGE: This matter involves contractual disputes between the law firm

of Steptoe & Johnson PLLC ("Steptoe") and a former employee, attorney D. Eric

Lycan. The issue before us is whether the parties were properly before the circuit

court when it entered an order that: 1) joined Steptoe as a party to ongoing

litigation between the Commonwealth of Kentucky, Justice and Public Safety

Cabinet ("the Commonwealth") and numerous online gambling entities ("the

Gambling Case") pursuant to CR[1] 20.01; 2) ruled the circuit court is the proper forum for Steptoe and Lycan to resolve any fee-splitting dispute related to the Gambling Case; and 3) stayed arbitration proceedings initiated by Steptoe. We hold the circuit court lacked personal jurisdiction over the parties and, therefore, the order of the Franklin Circuit Court was void *ab initio*. We make no holdings related to the merits of the underlying contractual disputes and whether an arbitration agreement exists between the parties.

In 2007, the Commonwealth entered into a service contract with Lycan's then-employer, Hurt, Deckard, and May, PLLC ("HDM"), to pursue civil action against various entities offering illegal online gambling in Kentucky (*i.e.*, the Gambling Case). HDM was to receive a 25% contingency fee for any recovery by the Commonwealth. In 2009, Lycan left HDM and began employment at Steptoe. He continued to work on the Gambling Case, but his initial employment agreement provided Steptoe was not entitled to any portion of the fees Lycan received in the Gambling Case. About a year later, Steptoe and Lycan amended the employment agreement because Lycan's continued work on the Gambling Case was affecting his billable hours requirement with Steptoe. The amended agreement provides Steptoe would receive 10% of the fees earned by Lycan in the gambling case in 2010 and then increased 5% each year thereafter.

---

[1] Kentucky Rule of Civil Procedure.

Lycan's employment with Steptoe terminated in November 2014. Upon his exit, Lycan tendered $533,335.40 to Steptoe for its share of fees received from the Gambling Case since the parties entered into the amended employment agreement. The parties also entered into a practice transition agreement upon Lycan's 2014 exit. The current underlying dispute between the parties is whether the 2014 practice transition agreement contains an arbitration provision that specifically addresses fee-splitting between Steptoe and Lycan in the Gambling Case.[2]

On June 3, 2021, the circuit court approved fees of $13,501,626.60 to Lycan from a settlement between the Commonwealth and one of the defendants in the Gambling Case, PokerStars. On July 25, 2022, Steptoe filed for arbitration in West Virginia, demanding approximately $4.7 million, or 35%, of the fees Lycan received. On August 10, 2022, Lycan filed a response objecting to arbitration, but also filed counterclaims against Steptoe. On the same date, he also filed a motion in the Gambling Case. Lycan moved the circuit court for a declaratory judgment that Steptoe was not entitled to any portion of the fees he received in the Gambling Case and for an order staying the arbitration proceedings. Steptoe filed a limited

---

[2] Because we are vacating the circuit court's order for other reasons, we decline to address the substance of the various contractual provisions at issue.

response as a non-party arguing the circuit court lacked personal and subject matter jurisdiction.

The circuit court conducted a hearing on Lycan's motion. Notably, at the outset, the Court stated

Court: This is a temporary injunction, right?

Attorney: Yes.

Court: Well now, here's the problem. I don't have a complaint, so what am I supposed to do? I mean, I just threw one out because it didn't have a complaint.

At this point, Lycan argued the circuit court has jurisdiction over all attorneys in the case, but also offered to file a separate complaint. He also argued the court could bring Steptoe in by permissive joinder. Steptoe continued to argue lack of jurisdiction. Despite the circuit court's initial misgivings, it entered an order joining Steptoe as a party pursuant to CR 20.01. However, the circuit court did not stop there. It went on to rule that an arbitration agreement did not exist between Steptoe and Lycan related to fee-splitting in the Gambling Case and also stayed the arbitration proceedings. This appeal followed.

CR 20.01 states

[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. **All persons**

-4-

**may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.** A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(Emphasis added.)

It is unclear from the circuit court's order if Steptoe was to be brought into the Gambling Case as a plaintiff or a defendant. We assume, due to the nature of relief requested in Lycan's motion, Steptoe would be a defendant. However, this assumption is problematic because Lycan is not a plaintiff, or a party at all, in the Gambling Case. Even assuming, *arguendo*, that it was permissible to join Steptoe as a defendant pursuant to CR 20.01, the circuit court should have stopped there until Steptoe was served with process. This begs the question: What, exactly, would have been served upon Steptoe? The most recent amended complaint between the Commonwealth and the various defendants is wholly unrelated to the contractual disputes between Steptoe and Lycan.[3] Stated

---

[3] Although we do not have the entire record of the Gambling Case before us, it appears from the certified case history that the most recent was the Commonwealth's seventh amended complaint, filed on January 10, 2014.

differently, the instant contractual disputes do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" or a "question of law or fact common to all defendants" in the Gambling Case. Further, CR 3.01 provides, "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." Lycan's motion filed in the Gambling Case fails to meet this requirement.

"It is fundamental that a court must have jurisdiction before it has authority to decide a case. Jurisdiction is the ubiquitous procedural threshold through which all cases and controversies must pass prior to having their substance examined." *Wilson v. Russell,* 162 S.W.3d 911, 913 (Ky. 2005). Three separate categories of jurisdiction exist: (1) personal jurisdiction over specific persons or entities; (2) subject matter over the nature of the case and type of controversy; and (3) particular case jurisdiction over the specific case. *Hisle v. Lexington-Fayette Urban County Government*, 258 S.W.3d 422, 429 (Ky. App. 2008). In the instant action, because CR 20.01 is inapplicable to the disputes between Steptoe and Lycan in the Gambling Case, and because Lycan failed to commence a separate action with a complaint and issuance of summons pursuant to CR 3.01, the circuit court lacked personal jurisdiction over Steptoe. "[A] personal judgment without

such jurisdiction is void." *Hill v. Walker*, 180 S.W.2d 93, 95 (Ky. 1944) (citations omitted).[4]

We note that there may be some confusion reconciling the Rules of Civil Procedure with the mandates of Kentucky's Uniform Arbitration Act. For example, KRS 417.060 provides, in relevant part,

> (1) On application of a party showing an agreement described in KRS 417.050, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised. The court shall order arbitration if found for the moving party; otherwise, the application shall be denied.
>
> (2) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

---

[4] Steptoe also argues the circuit court lacks subject matter jurisdiction. We disagree.

> The authority to determine a type of case, such as the dissolution of a marriage, is subject-matter jurisdiction. *See, e.g.*, *Gordon v. NKC Hosp., Inc.*, Ky., 887 S.W.2d 360 (1994); *Duncan v. O'Nan*, Ky., 451 S.W.2d 626, 631 (1970). As a general matter a court is deprived of subject-matter jurisdiction only in cases "where the court has not been given any power to do anything at all in such a case, as where a tribunal vested with civil competence attempts to convict a citizen of a crime." *Duncan*, *supra*, at 631 (quoting *In re Estate of Rougeron*, 17 N.Y.2d 264, 271, 270 N.Y.S.2d 578, 583, 217 N.E.2d 639, 643 (N.Y. 1966)).

*Milby v. Wright*, 952 S.W.2d 202, 205 (Ky. 1997).

(3) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (1) of this section, the application shall be made therein. Otherwise and subject to KRS 417.210, the application may be made in any court of competent jurisdiction.

KRS 417.190 governs said "applications" to the circuit court and

provides, in relevant part, that

an application to the court under this chapter shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions in civil cases. Unless the parties have agreed otherwise, **notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in civil cases**.

(Emphasis added.)

This Court has previously addressed the confusion created by the word "motion" in KRS 417.190 if a circuit court does not already have jurisdiction. To wit, "[w]hile the use of the term 'motion' in the statute is somewhat confusing, we believe an initial application for the purpose of vacating an arbitrator's award requires the party seeking to vacate the award to invoke the circuit court's jurisdiction by commencing an action and issuing summons." *Pavkovich v. Shenouda*, 280 S.W.3d 584, 588 (Ky. App. 2009). Similarly, we believe Lycan's challenge to the existence of an arbitration agreement required him to invoke the circuit court's jurisdiction by commencing an action and issuing summons. Or,

-8-

upon receiving notice of Lycan's objection to arbitration, Steptoe could have commenced its own action in circuit court.

> Upon receipt of [an] objection and refusal to arbitrate, it [is] incumbent under KRS 417.060(1) to obtain a court order to proceed with the arbitration. In fact, this statute explicitly provides that if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to determine whether an agreement exists. If a written agreement does exist, the court shall order arbitration – otherwise a moving party's application to arbitrate would be denied.

*Fischer v. MBNA America Bank, N.A.*, 248 S.W.3d 567, 571 (Ky. App. 2007).

In other words, there were numerous correct procedures available to either party that would have provided the circuit court jurisdiction to resolve the initial issue of whether an arbitration agreement exists with respect to fee-sharing between Steptoe and Lycan in the Gambling Case.[5] Common between said correct procedures is the commencement of a separate action and the service of summons – neither of which happened in the instant action.

Accordingly, the circuit court lacked personal jurisdiction over Steptoe and its order is void *ab initio.* The order of the Franklin Circuit Court is therefore VACATED.

---

[5] Despite arguments of Steptoe to the contrary, the existence of a valid arbitration agreement as a threshold matter must first be resolved by the court, not the arbitrator. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995).

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeffrey K. Phillips
Lexington, Kentucky

BRIEF FOR APPELLEE:

Stephanie Tew Campbell
Christine Trout Van Tatenhove
Lexington, Kentucky