AUTOMOBILE CLUB INSURANCE CO., Appellant,

v.

Donna LAINHART, Individually and as Personal Representative of the Estate of Michael L. Lainhart, Deceased, and Nick Benson, Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1980.

John Lane Ackman, Williamstown, William F. Boelter, Cincinnati, Ohio, for appellant.

Nick Benson, Rouse & Benson, Walton, for appellees.

* The decision was reached prior to Judge Breetz's departure from the Court.

Before HAYES, C. J., and BREETZ * and GANT, JJ.

GANT, Judge.

Decedent, Michael Lainhart, was killed in a single car accident in December 1975, while insured under a policy issued by appellant. After several false starts, which will be later discussed, this became an action by his widow, individually and as personal representative, seeking basic reparations benefits for survivor's economic loss. The lower court awarded the widow $253.06 per month, to a total of $10,000, interest at 18% from April 29, 1976, and awarded appellee Benson an attorney's fee of $7,500. Appellant assigns as error (1) that appellee Donna Lainhart failed to show survivor's economic loss, and (2) that the benefits were not overdue and any delay or denial was with reasonable foundation.

## I. SURVIVOR'S ECONOMIC LOSS

The question of survivor's economic loss was extremely close. The evidence was that Michael and Donna Lainhart were married on October 19, 1974, separated for a few days about one month later, and then separated finally on April 23, 1975. They lived together about six months. In September, 1975, they filed for divorce but had taken no further steps to dissolve the marriage at the time of Michael's death in December, 1975. The evidence was that Michael had paid no support to Donna between the time of separation in April until his death in December, a period of about eight months.

The widow testified that she and Michael were seeing each other regularly after separation and making an effort at reconciliation, stating further that she had not asked for any support, as she expected them to reconcile. Michael had a small insurance policy at his place of employment on which he had not removed his wife's name as beneficiary.

The lower court utilized the support paid by Michael during the six months they lived

together in arriving at the amount of the judgment. The court found that the parties were, in fact, working at reconciliation and we are not prepared to say that this was an abuse of discretion by the lower court. Of principal persuasion is KRS 404.-040, which renders the husband liable for necessaries furnished to the wife. Despite all the confusion herein, this couple was still married at the date of death.

## II. INTEREST AND ATTORNEY'S FEE

KRS 304.39–210 reads, in applicable part, as follows:

(1) ... Benefits are overdue if not paid within thirty (30) days after the reparations obligor receives reasonable proof of the fact and amount of loss realized ...

(2) Overdue payments bear interest at the rate of twelve per cent (12%) per annum, except that if the delay was without reasonable foundation the rate of interest shall be eighteen per cent (18%) per annum.

KRS 304.39–220 states that the court may allow a reasonable attorney's fee if overdue benefits are recovered in the event the denial or delay was without reasonable foundation.

Thus recovery of interest of 18% and recovery of attorney's fees are predicated on two things. The benefits must be overdue because of failure to pay within 30 days after receipt of "reasonable proof of the fact and amount of loss realized;" *and,* the delay or denial must have been "without reasonable foundation."

### A. PROOF OF THE FACT AND AMOUNT OF LOSS

■ The record herein discloses that there was no proof of the fact of loss nor the amount of loss until the trial of the case. Appellees urge that none was required because (1) appellant did not request any documentation despite the offer to furnish it, and (2) appellant had denied the claim, rendering this a useless act. KRS 304.39–210 clearly places the burden on the reparations obligee to furnish the obligor with reasonable proof of loss. A mere offer

to furnish this proof if requested does not shift that burden. The obligee has that type of burden and duty envisioned by the court in the case of *Louisville & N.R. Co. v. Stephens,* 298 Ky. 328, 343, 182 S.W.2d 447, 456 (1944), when the court stated:

The amount depends upon proof of the pecuniary assistance or support which the beneficiary or beneficiaries had reason to expect from the decedent and of which they have been deprived.

The court went on to set out such prerequisites to recovery as "his earnings from all sources and the part thereof which he had used for or contributed to his dependents." No such proof was furnished to the appellant prior to trial.

The alleged denial of the claim by the appellant, according to the record, was merely a letter stating: "Inasmuch as your clients have not complied with the act and the terms of the policy, I do not see how we can possibly entertain the hopes of settlement of this case at this time." This was not such a denial as would obviate the necessity of furnishing "reasonable proof." The benefits were not overdue under the statute and neither the attorney's fee nor the interest were recoverable.

### B. REASONABLE FOUNDATION FOR DELAY

■ Even had this court been persuaded that the benefits were overdue, we could not find that there was not reasonable foundation for the delay or denial. At the outset of the checkered history of this case, appellee Benson secured the appointment of one Jenell Lainhart, the alleged stepmother of the deceased, as personal representative of Michael Lainhart, and made a claim against the appellant on behalf of the estate and of William Lainhart, the father. The appointment was made in Boone County, Kentucky, although the accident report and appellee Benson indicated that Michael lived with his father in Bracken County. The widow, appellee Donna Lainhart, was represented by another attorney at this time.

In a letter dated March 3, 1976, Benson wrote appellant that the estate and the father, and not the widow, were entitled to the proceeds of the policy as Michael had filed a divorce action which would have been completed but for the lack of financial means. He further wrote that the widow had already received the proceeds of a life insurance policy because Michael "had not taken the time to have his policy beneficiary changed as he intended to after the break-up of his marriage." Two years later, at the time of trial, the testimony was that the parties were reconciling and the argument was that the failure to change beneficiary was proof thereof.

The next activity came in December, 1976, when appellee Benson filed an action on behalf of Jenell Lainhart, personal representative of Michael Lainhart, William Lainhart, his father, and Donna Lainhart, his widow, against the appellant. A request for production of documents under CR 34 brought out the information that Jenell, the personal representative, was not the wife of William Lainhart, but had only a "live-in" relationship, the living-in having moved to Oklahoma. At this point, in June 1977, we find as parties plaintiff an unrelated personal representative who is no longer a resident of the state, a nonresident father who had no economic loss, and a widow who had filed for divorce and had received no support from her husband for eight months prior to his death.

In February, 1978, the widow became the successor as personal representative, the father and Jenell being dropped as parties. The action then proceeded to judgment.

■ This court will point out, not as censure in any way under the circumstances of this case, that appellee Benson did not have authority to represent Donna until February 1978, according to her testimony. Although her first attorney had worked with and through Benson, the law is clear that the confidence reposed in an attorney is personal and cannot be delegated to another without the consent of the client unless it may be fairly inferred from the facts that there was authority to delegate. 7 Am.

Jur.2d *Attorney and Client* § 104, p. 112. *See also ABA Code of Professional Responsibility*, Canon 4, EC 4–2. The services of the attorney prior to this consent are therefore not attributable to the appellant under any circumstances.

■ It is our opinion that the assertion of a legitimate and bona fide defense by the reparation obligor constitutes reasonable foundation for delay under KRS 304.39–210 and KRS 304.39–220, and this is not changed by the fact that the case is ultimately decided against the obligor. The defense asserted herein clearly falls within this rule.

Accordingly, that part of the judgment herein awarding benefits to the appellee Donna Lainhart, is affirmed; that part of the judgment awarding interest at 18% and attorney's fee of $7,500 is reversed.

HAYES, C. J., concurs.

BREETZ, J., dissents.

BREETZ, Judge, dissenting.

I respectfully dissent from that portion of the majority opinion which awards benefits to this young widow. The majority awards her benefits for survivor's economic loss because of her status as a wife.

The reliance by the majority on KRS 404.040 is, I believe, misplaced. A husband's duty to support his wife arises from common law. *Kelly v. Kelly*, 183 Ky. 172, 209 S.W. 335 (1919). I view KRS 404.040, if its validity can be maintained following *Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), as a statutory vehicle to be used by a wife's creditors to enforce her debt against a recalcitrant husband. The transformation of this statute into a foundation upon which to base an economic loss to the wife upon her husband's death without proof that he was furnishing her necessities, ignores the fundamental concept of our Motor Vehicle Reparations Act that all basic reparation benefits are reimbursement for net loss. KRS 304.39–020(2). I do not believe the MVRA was ever intended to "reimburse" any claimant any economic

benefit which the claimant was not accustomed to receiving.

Some no-fault statutes have eliminated the problem we have encountered in this litigation by providing that a specified amount should be payable to either the estate or personal representative of the deceased spouse;[1] others have provided that the surviving spouse receive a percentage of the deceased spouse's loss of income;[2] still others have created a conclusive presumption of the surviving spouse's entitlement, provided the two were living in the same household at the time of death.[3] As I read the majority opinion, it stands for the proposition that a spouse, neither living with her spouse nor reasonably anticipating the receipt of anything of economic benefit from him, is still entitled on his death to receive benefits under the guise of survivor's economic benefits. I see nothing in our MVRA which hints that such a result was ever intended.

Even if I could accept the premise that Donna Lainhart suffered an economic loss by virtue of her husband's death, I do not believe that this record supports a monthly award of $253.06. It is true that she proved that figure as the amount her husband had contributed monthly toward her support while they were living together. Once the suit was filed to dissolve the marriage, absent an agreement between the spouses, her husband's economic obligations to her would be fixed not by what he had been giving her but by what a judge would rule she would be entitled to as temporary maintenance under KRS 403.160. What that figure would be is sheer speculation.

For reasons best known to Donna Lainhart, she chose not to seek such a remedy against her estranged husband. If she had, there is nothing in this record that convinces me that she, a young wife with no disabilities and only six months separating the date of marriage and the date of separation, would be entitled to an award of temporary maintenance.

1. E. g. Arkansas Statutes, 66–4014(c) Colorado Revised Statutes, 10–40706(1)(e).

2. E. g. Georgia Code Annotated, § 56–3403b.

3. E. g. Michigan Statutes Annotated, § 24.-13108, and § 24.13110(1)(a). Connecticut General Statutes Annotated, § 38–319(b)(3).