**SHELTER MUTUAL INSURANCE COMPANY, Appellant,**

v.

**William R. ASKEW, Appellee.**

Court of Appeals of Kentucky.

Aug. 30, 1985.

Rehearing Denied Oct. 25, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court
Jan. 7, 1986.

Thomas A. Powell, Hopkinsville, for appellant.

John M. Dixon, Jr., Hopkinsville, for appellee.

Before HAYES, C.J., and GUDGEL and WHITE, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Christian Circuit Court. The court adjudged that appellant, a reparations obligor, is liable to appellee, its insured, for the amount of an unpaid dental bill, plus reasonable attorneys' fees, and 18% interest. Appellant contends that the court erred by finding that the amount of its insured's dental bill was reasonable, and that the need for the services the dentist performed was causally related to the injuries appellee sustained in a covered accident. Appellant also contends that the court erred by awarding attorneys' fees and 18% interest since a reasonable foundation existed for its denial of appellee's claim. We disagree with appellant's contentions. Hence, we affirm.

Appellee was injured on October 26, 1983. On the date of the accident he was insured under a policy issued by appellant which included "no-fault" coverage. On November 1, appellee filed an application for PIP benefits. Appellant proceeded to pay all of appellee's medical bills except a dental bill. It failed to pay the latter bill because it questioned whether all the work proposed to be done by the dentist was causally related to the accident. Further, appellant questioned whether the amount to be charged for the dental work was reasonable. However, appellant never gave appellee written notice that it was rejecting his claim. Moreover, after appellee first agreed, but later refused, to be

examined by another dentist of appellant's choice, the company made no effort pursuant to KRS 304.39–270 to seek an order compelling him to submit to such an examination. Rather, appellant merely refused to pay the disputed dental bill. This action followed.

After a bench trial, the court rendered findings of fact and conclusions of law. The court found that appellee's dentist's charges were reasonable and that the work done and proposed to be done was causally related to the injuries appellee sustained in the covered accident. Further, the court found that an award of 18% interest and reasonable attorneys' fees against appellant was justified. This appeal followed.

■ First, appellant argues that the court erred by finding that the amount of appellee's dental bill was reasonable, and that the services rendered were causally related to the covered accident. However, the court's findings in this vein are amply supported by the evidence. Thus, appellant's argument amounts to nothing more than an attempt to convince us to substitute our judgment for that of the trial court as to contested factual issues. We decline to do so. The evidence clearly supports a finding that the amount of appellee's dental bill was reasonable, and a finding that the services the dentist rendered were causally related to the covered accident. Hence, the court's findings on these issues are not clearly erroneous, and may not be disturbed. CR 52.01.

Next, appellant argues that the court erred by awarding reasonable attorneys' fees and 18% interest because a reasonable foundation existed for its denial of appellee's claim. We disagree.

■ Appellant argues that the court erroneously interpreted our decision in *State Automobile Mutual Insurance Co. v. Outlaw*, Ky.App., 575 S.W.2d 489 (1978) to stand for the proposition that a failure to give written notice of the reasons for a delay in payment of a claim waives the defense of the existence of a reasonable foundation for denying the claim. We

agree. We recognized in *State Automobile, supra,* that the failure of an insurer to give such a written notice waives any question as to the sufficiency of the insured's proof of loss for purposes of determining when an otherwise valid claim becomes overdue. However, we also noted that even if payment of a valid claim is overdue a question may still remain as to whether a reasonable foundation to deny the claim existed. In other words, only if no reasonable foundation for denying payment of an overdue claim existed may 18% interest and attorneys' fees be awarded. It does not follow, however, as appellant suggests, that the court erred by finding that no reasonable foundation for denying appellee's claim existed in the instant action. At the time appellant refused to pay appellee's claim it did so solely because it determined unilaterally that not all the dental services to be performed were causally related to the accident, and that the amount to be charged for the services was unreasonable.

■ Appellant had the burden of proving its defense that a reasonable foundation existed for refusing to pay appellee's dental bill. We cannot say that appellant met its burden. Appellant adduced testimony by a dentist employed by it as an expert that he would have provided appellee with more conservative, different, less expensive treatment than appellee's treating dentist provided. However, we fail to perceive that a reasonable foundation for refusing to pay a claim for PIP benefits exists merely because a reparations obligor's insured may be able to obtain acceptable, less expensive treatment from a medical provider other than his or her own.

In effect, appellant gambled and lost. It chose to deny appellee's claim on the basis that it would be able to prove at trial that its insured's dentist's charges were unreasonably high and that the treatment plan he recommended was unnecessary and not causally related to the injuries appellee sustained in the accident. All appellant proved, however, was that the insured's dentist and its dentist had different opin-

ions as to these issues. In our view, such evidence fails to satisfy a reparation obligor's burden to prove that a reasonable foundation for denial of a claim exists.

■■■■ *Automobile Club Insurance Co. v. Lainhart,* Ky.App., 609 S.W.2d 692 (1980) cited by appellant, is distinguishable on its facts. In *Lainhart, supra,* there was a valid dispute as to whether any benefits were payable at all. Here, by contrast, the dispute involved merely the extent and the cost of the services. Moreover, the provisions of the "no-fault" statute do not authorize an insurer to unilaterally determine the extent of medical services its insured is entitled to receive, nor the amount which the insured is entitled to pay for such services. Thus, we hold that as long as proposed medical services to be rendered an insured are needed in order to treat the injuries the insured sustains in a covered accident, and the fees to be charged for the services are within reasonable limits of the applicable profession, a reparations obligor is not entitled to refuse to pay a claim for PIP benefits merely because acceptable, less extensive services at less cost may be obtained elsewhere. This is precisely what appellant attempted to insist upon in the instant action. We conclude, therefore, that the court did not err by finding that no reasonable foundation existed for appellant's refusal to pay appellee's claim.

The court's judgment is affirmed.

All concur.