**STATE AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Geneva Stokes LANGE, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1985.

W. Douglas Myers, Ken R. Haggard, Myers & Hicks, Hopkinsville, for appellant.

Lucius P. Hawes, Jr., Wright & Hawes, Hopkinsville, for appellee.

Before LESTER, MILLER and REYNOLDS, JJ.

MILLER, Judge.

This action involves the Kentucky No-Fault Statute, KRS 304.39 (Motor Vehicle Reparations Act [MVRA]), and the applicability of the limitation of action provision in Section 230(1). That provision provides in relevant part as follows:

304.39–230. LIMITATIONS OF ACTIONS.—

(1) If no basic or added reparation benefits have been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two (2) years after the injured person suffers the loss and either knows, or in the exercise of reasonable diligence should know, that the loss was caused by the accident, or not later than four (4) years after the accident, whichever is earlier. If basic or added reparation benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two (2) years after the last payment of benefits.

On July 14, 1981, appellee, Geneva Stokes Lange, was injured in a one-car automobile accident in Christian County, Kentucky. The automobile in which she rode was covered by a no-fault policy issued by appellant, State Automobile Insurance Company (State) and containing the traditional Basic Reparation Benefits (BRB) provision as mandated by KRS 304.-39. At the time of the accident, appellee was within the course of her work with the Pennyrile Allied Community Services. She was covered by Worker's Compensation. KRS Chapter 342. Appellee applied for and received Worker's Compensation benefits representing approximately $200.00 medical expenses occurring soon after the accident. No claim was made for BRB under State's policy, as the Worker's Compensation coverage was primarily responsible. KRS 304.39–120. State did however recognize coverage under its policy of insurance by paying for damage to appellee's car. In April, 1984, almost three years after the accident, appellee—still suffering

the effects of the accident—notified State of her claim for BRB. State denied the claim based upon the limitation of actions provision of KRS 304.39–230(1), set forth above. The circuit court denied State's contention and entered a CR 54.02(1) order precipitating this appeal.

The parties agree that the term "loss," as used in the limitations statute, is as defined in KRS 304.39–020(5) which provides, in relevant part, as follows:

> "Loss" means accrued economic loss consisting only of medical expense, work loss, replacement services loss; and, if injury causes death, survivor's economic loss and survivor's replacement services loss. Noneconomic detriment is not loss. However, economic loss is loss although caused by pain and suffering or physical impairment.

State contends the limitations statute (KRS 304.39–230) should be read so as to bar all actions for BRB two years after the first loss occurs, i.e., after the first medical expense, work loss, or replacement service loss is accrued. Appellee maintains and the circuit court agreed that the statute is to be construed so as to allow suit any time within four years of the accident, but recovery may be had for prior losses only if they accrued within two years before suit is filed. Like the circuit court, we agree with this contention. More simply stated, the rule is that when no BRB have been paid, an injured party has two years in which to file an action for a loss as defined in KRS 304.39–020(5). The statute begins to run when the loss is accrued; in no event may an action be commenced more than four years after the date of accident.

State maintains that its interpretation of the statute would favor simplicity and that appellee's interpretation will lead to a multiplicity of suits to recover recurring losses. While the simplicity argument may have some merit, the multiplicity of suits argument is without merit. The recovery is not in tort, but rather on contract—an executory contract mandated by statute. Such contracts, if breached, are susceptible to remedy at the instance of a single suit.

For the foregoing reasons, the judgment of the Christian Circuit Court is affirmed.

All concur.