RENDERED: OCTOBER 30, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1471-MR

GUY FLUTY AND MARSHA FLUTY                                    APPELLANTS

v.          APPEAL FROM LAWRENCE CIRCUIT COURT
            HONORABLE JOHN DAVID PRESTON, JUDGE
            ACTION NO. 19-CI-00155

KENTUCKY NATIONAL
INSURANCE COMPANY                                              APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: COMBS, DIXON, AND MAZE, JUDGES.

DIXON, JUDGE: Guy and Marsha Fluty appeal from the order dismissing their

claims entered on September 16, 2019, by the Lawrence Circuit Court. Following

a careful review of the briefs, record, and applicable law, we reverse.

## FACTS AND PROCEDURAL BACKGROUND

On February 12, 2017,[1] the Flutys were injured in an automobile accident. They were insured by Kentucky National Insurance Company ("Kentucky National"). By letter dated May 21, 2018, the Flutys requested that Kentucky National pay each of them $10,000 in Personal Injury Protection ("PIP") benefits to cover outstanding medical bills incurred for treatment following the accident; however, no medical bills were provided with this initial correspondence. On June 27, 2018, Kentucky National responded to the Flutys' letter asserting they had not demonstrated an accrued economic loss as there was no proof of payment of any medical expenses. The Flutys did not respond until March 19, 2019, when they sent a letter enclosing outstanding medical bills and documentation of a lien from Anthem for payment of Marsha's medical bills. On March 20, 2019, Kentucky National replied that no claim for payment of PIP benefits (at least no claim accompanied by corresponding medical bills) was made prior to the expiration of the two-year statute of limitations. Consequently, Kentucky National denied the Flutys' claims.

On June 20, 2019, the Flutys sued Kentucky National for payment of PIP benefits under their policy, as well as violation of the Unfair Claims Settlement Practices Act. Kentucky National moved the trial court to dismiss the

---

[1] The Flutys' complaint erroneously alleges that the date of the accident was February 12, 2019.

Flutys' complaint for failure to file same within the two-year statute of limitations. The trial court subsequently dismissed the Flutys' claims pursuant to KRS[2] 304.39-230(6). This appeal followed.

## STANDARD OF REVIEW

A trial court should only grant a motion to dismiss if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Benningfield v. Petit Envtl., Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005) (citation omitted). In considering the motion to dismiss, the truth of the allegations in the amended complaint is assumed, and the pleadings are to be liberally construed in a light most favorable to the plaintiff. *Id.* This determination requires no factual findings and is purely a question of law. *Id.*

## STATUTE OF LIMITATIONS

This action involves the no-fault provisions of KRS 304.39-010 *et seq.*, also known as the Motor Vehicle Reparations Act ("MVRA"), and the application of the limitation of action provisions in Section 230. The Flutys contend the trial court erred by applying the (incorrect) statute of limitations found in KRS 304.39-230(6) as opposed to the (correct) statute of limitations found in KRS 304.39-230(1).

---

[2] Kentucky Revised Statutes.

KRS 304.39-230(6) provides, in pertinent part, that "[a]n action for *tort* liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs." (Emphasis added.) Since no basic or added reparation payment was made following the accident and the complaint was filed more than two years after the accident, the trial court found that the Flutys' complaint was barred by this statute of limitations. It is undisputed that this subsection applies to tort actions;[3] however, review of the Flutys' complaint reveals they did not allege an action for tort liability but, rather, sought a declaration of their rights to benefits under their insurance policy with Kentucky National—a contract action.[4]

KRS 304.39-230(1) provides that "[i]f no basic or added reparation benefits have been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two (2) years after the injured person

---

[3] "It is reasonable to assume that the legislature intended exactly what it said when it made the two[-]year statute for 'an action for *tort* liability' prescribed in KRS 304.39-230(6) part of the Motor Vehicle Reparations Act, that two years applies to all *tort* actions not abolished by the Act." *Goodin v. Overnight Transp. Co*., 701 S.W.2d 131, 133 (Ky. 1985) (emphasis added) (footnote omitted). "This Court agrees . . . that KRS 304.39-230(6) does not purport to limit actions on *contracts*, but by its very terms limits an action for *tort* liability not abolished by KRS 304.39-060." *Gordon v. Kentucky Farm Bureau Ins. Co*., 914 S.W.2d 331, 332 (Ky. 1995) (emphasis added) (internal quotation marks omitted).

[4] "Neither the result nor the rationale of *Elkins* [*v. Kentucky Farm Bureau Mutual Ins. Co*., 844 S.W.2d 423 (Ky. App. 1992)] requires application of the MVRA statute of limitations to an action on a first-party insurance contract, nor is it necessarily controlling that the alleged tort-feasor is not a party to the action." *Gordon*, 914 S.W.2d at 332.

-4-

suffers the loss and either knows, or in the exercise of reasonable diligence should know, that the loss was caused by the accident, or not later than four (4) years after the accident, whichever is earlier." Because KRS 304.39-230(1) deals with instances, such as the one herein, where no basic reparation benefits ("BRB") have been paid and a party seeks payment of such benefits, it contains the applicable statute of limitations. ("KRS 304.39-230(1) [is] the subsection of the MVRA covering the time bar for 'reparation benefits.'" *Crenshaw v. Weinberg*, 805 S.W.2d 129, 130 (Ky. 1991)).

KRS 304.39-230(1) has two triggering events in determining the time limits on actions for reparation benefits. The first is two years from the date of loss and the second is four years from the date of accident. The actual limit is whichever first occurs. KRS 304.39-020(5) defines loss as an "accrued economic loss consisting only of medical expense, work loss, replacement services loss, and, if injury causes death, survivor's economic loss and survivor's replacement services loss. Noneconomic detriment is not loss. However, economic loss is loss although caused by pain and suffering or physical impairment." Kentucky National acknowledged in its letter dated June 27, 2018, that the Flutys had not demonstrated an accrued economic loss at that time as they had not produced proof of out-of-pocket payment of any medical bills.

"It is clear from this subsection (KRS 304.39-230(1)) that the time bar for seeking no-fault benefits is not tied to the date of the accident until 'four (4) years' has expired. Until then the time bar is tied to the date of the 'loss,' meaning the date the lost wages or medical expenses are incurred." *Crenshaw*, 805 S.W.2d at 130. In *Crenshaw*, "[n]o claim was made nor benefits paid until over two years after the date of the accident." *Id*. The trial court in *Crenshaw* dismissed the action under KRS 304.39-230(6) but was reversed by another panel of our Court, which held:

> Considering both 230(1) and (6), the plain meaning of the statute is that a person entitled to receive no-fault benefits has two years after the last payment of benefits in which to file an action for tort liability *without regard to whether such benefits were first claimed or first paid within two years of the date of injury*.

*Id*. at 133 (emphasis added). *Crenshaw* clearly contemplates instances, such as the one at hand, where benefits are not claimed within two years of the date of the injury or accident.

The case herein is also similar to *State Automobile Insurance Co. v. Lange*, 697 S.W.2d 167 (Ky. App. 1985). In *Lange*, it was almost three years after the accident before the insured—still suffering the effects of the accident—notified her insurer of her claim for BRB. *Id*. at 168-69. The insurer denied the insured's claim as barred by the statute of limitations. The insured then sued the insurer, and

-6-

the trial court found the insured's claim was not time-barred. On appeal, that panel

of our Court held:

> [T]he rule is that when no BRB have been paid, an
> injured party has two years in which to file an action for
> a loss as defined in KRS 304.39-020(5). *The statute
> begins to run when the loss is accrued*; in no event may
> an action be commenced more than four years after the
> date of accident.
>
> . . . The recovery is not in tort, but rather on
> contract—an executory contract mandated by statute.

*Id.* at 169 (emphasis added). Here, the trial court failed to consider the applicable

statute of limitations for this action contained in KRS 304.39-230(1).

Under KRS 304.39-230(1), the Flutys' two-year statute of limitations

did not begin running until they suffered loss as defined by the MVRA. Therefore,

establishing the date of loss is critical in determining whether the Flutys' claim was

timely filed. Another panel of our Court observed:

> The reference to *Milby* [*v. Wright*, 952 S.W.2d 202
> (Ky. 1997)] convinces us. In that case the Supreme
> Court was referring to the submission of claims to the
> insurer, not the filing of a lawsuit, when it said, "[T]he
> claim for payment is subject to the limitation set forth in
> KRS 304.39-230(1)." [*Id.*] at 204. The rationale given
> was avoidance of fact patterns such as now before this
> Court. If the BRB claimant was not required to present
> proof of loss to the reparations obligor under the time
> restrictions of KRS 304.39-230(1), "the potential plaintiff
> [could] hold the alleged tortfeasor hostage by the leisured
> submission of medical claims, thereby forestalling the
> running of the statute of limitations" and that would be
> contrary to one of the purposes of the MVRA. *Id*.

We do not interpret the circuit court's reference to the statute as a legal determination that Joiner failed to file a timely lawsuit. Clearly, the circuit court concluded KRS 304.39-230(1) was a legal bar to Joiner's claim because he failed to submit proof of loss, under MVRA, to Farm Bureau within two years of the accident.

. . . .

KRS 304.39-040(2) obligates an insurer to "pay basic reparation benefits, under the terms and conditions stated in this subtitle. . . ." The first of those terms and conditions is expressed in KRS 304.39-210 which "clearly places the burden on the reparations obligee to furnish the obligor with reasonable proof of loss." *Automobile Club Ins. Co. v. Lainhart*, 609 S.W.2d 692, 694 (Ky. App. 1980).

. . . [T]his Court said long ago that "the statement of the claimant alone would not, as a matter of law, satisfy the statutory requirement of 'reasonable proof of the fact and amount of loss realized.'" *State Auto. Mut. Ins. Co. v. Outlaw*, 575 S.W.2d 489, 493 (Ky. App. 1978). This also applies to statements of the claimant's lawyer, and perhaps more so. . . .

. . . Of course, a medical bill would suffice as reasonable proof of loss.

*Joiner v. Kentucky Farm Bureau Mut. Ins. Co.*, 582 S.W.3d 74, 79 (Ky. App. 2019). Here, the Flutys presented proof of loss with accompanying medical bills on March 19, 2019. While this claim was not presented within two years of the date of the accident, it is unclear from the record whether this submission occurred within two years of the date of loss, as defined by the MVRA.

In the record before us, it appears the earliest-dated medical bill sent to the Flutys was June 3, 2017. However, it is unclear from the record what date this bill was received by the Flutys. It is also unclear if the Flutys experienced loss prior to that medical bill. If there was no loss prior to June 3, 2017, the Flutys' claim was not barred by the applicable statute of limitations. Therefore, we must reverse and remand so that the trial court may consider whether the Flutys filed their action within two years of their loss, as defined by the MVRA. Consequently, the trial court's dismissal is reversed and remanded for further proceedings consistent with this Opinion.

## UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

The Flutys also ask us to overturn *Phoenix Healthcare of Kentucky, L.L.C. v. Kentucky Farm Bureau Mutual Insurance Co.*, 120 S.W.3d 726 (Ky. App. 2003), which held that the MVRA provides the exclusive remedy to such claims and would preclude their claims under the Unfair Claims Settlement Practices Act.[5] The logic of that panel of our Court was sound, and the Flutys have presented no compelling reason for departing from it. Hence, we decline to do so.

---

[5] KRS 304.12-010 *et seq.*

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Lawrence Circuit Court is REVERSED and remanded for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Ryan D. Mosley
Ned Pillersdorf
Prestonsburg, Kentucky

BRIEF FOR APPELLEE:

David S. Strite
Rachel K. Dalton
Louisville, Kentucky