NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0307n.06

Case No. 20-5930

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

D'ELLA IRVIN, CLARA ARREBATO
PEDROSO, and KATHERINE
HERNANDEZ ARREBATO,

    Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
Jul 01, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
KENTUCKY

BEFORE: SUTTON, Chief Judge; COLE and READLER, Circuit Judges.

SUTTON, Chief Judge. State Farm Mutual denied D'Ella Irvin and other individuals car insurance benefits based on what are known as "paper reviews" of their claims. After the Kentucky Supreme Court invalidated this process, State Farm paid Irvin and the other policyholders their benefits plus 12 percent interest. The policyholders sued State Farm, seeking additional interest and fees on the ground that the insurance company acted unreasonably. The district court disagreed. We affirm.

I.

State Farm provides car insurance to Kentucky drivers. Consistent with Kentucky law, it offers personal-injury-protection benefits, including no-fault coverage, to reimburse "reasonably needed" medical expenses caused by car accidents. K.R.S. § 304.39-020(5)(a). For some claims,

State Farm once used an expedited paper-review process. Under this process, a medical professional would review the case records and determine whether the medical expenses were caused by the car accident and reasonably needed.

D'Ella Irvin, Clara Arrebato Pedroso, and Katherine Hernandez Arrebato obtained car insurance from State Farm. After they each were involved in car accidents, they filed claims for their medical expenses. Medical professionals reviewed their records, concluding that their treatment had been "excessive" rather than "reasonable and necessary." R.1-2 at 7–8. They recommended rejecting the claims, and State Farm denied them.

In 2018, the Kentucky Supreme Court ended paper reviews of no-fault insurance claims. It held that the Commonwealth's Motor Vehicle Reparations Act prohibits insurers from denying no-fault benefits solely on that basis. *See Gov't Emps. Ins. Co. v. Sanders*, 569 S.W.3d 923, 928 (Ky. 2018). The court rooted its decision in the Act's "presumption that any medical bill submitted is reasonable." K.R.S. § 304.39-020(5)(a).

In response to the decision, State Farm paid benefits to these three individuals. It also paid them 12 percent interest, which the Act calls for when an insurance company delays payment. *See* K.R.S. § 304.39-210(2).

Irvin, Pedroso, and Arrebato remained dissatisfied. They sued State Farm on behalf of themselves and other like-treated policyholders. In addition to what they had already received, they sought attorney's fees and 6 percent more in interest on the ground that State Farm had unreasonably denied their claims based on the paper-review process.

State Farm removed the case to federal district court under the Class Action Fairness Act, 28 U.S.C. § 1332(d), then filed motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. The district court held that the policyholders lacked standing for their claim for

unpaid benefits and 12 percent statutory interest and remanded those claims to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). As for the claim for additional interest and attorney's fees, the district court dismissed it for failure to state a claim under Civil Rule 12(b)(6).

The policyholders appeal the 12(b)(6) ruling.

## II.

Civil Rule 12(b)(6) allows a party to move to dismiss a case for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

The policyholders root their claim for statutory interest and attorney's fees in Kentucky law. The Motor Vehicle Reparations Act permits attorney's fees and 18 percent interest (rather than the standard 12 percent) when "[o]verdue" benefit payments are "delay[ed]" "without reasonable foundation." K.R.S. §§ 304.39-210(2), 304.39-220(1). An insurer's "legitimate and bona fide" defense counts as a "reasonable foundation" for delaying payments. *Auto. Club Ins. Co. v. Lainhart*, 609 S.W.2d 692, 695 (Ky. Ct. App. 1980). If an insurer could reasonably conclude that the law allows a delayed payment, the 18 percent provision does not apply. An insurer lacks a "reasonable foundation" for such delays if case law clearly contradicts its position. *Ky. Farm Bureau Mut. Ins. Co. v. McQueen*, 700 S.W.2d 73, 74 (Ky. Ct. App. 1985).

At stake is whether State Farm acted reasonably in delaying payment based on paper reviews of these claims. We think it did.

Start with the Act. It does not mention paper reviews by name or refer to them by concept. All it does is limit recoverable medical expenses to "reasonable charges incurred for reasonably needed products, services, and accommodations," K.R.S. § 304.39-020(5)(a), and require "reasonable proof of the fact and amount of loss," *id.* § 304.39-210(1). Although there is a "presumption that any medical bill submitted is reasonable," *id.* § 304.39-020(5)(a), "insurance companies [have the] opportunity to investigate [a] claim and to make an intelligent estimate of the company's rights and liabilities before becoming obligated to pay the claim." *State Auto Mut. Ins. Co. v. Outlaw*, 575 S.W.2d 489, 493 (Ky. Ct. App. 1978). As part of this investigation, an insurer may ask for a medical examination of the claimant. *See* K.R.S. § 304.39-270(1). State Farm could have reasonably read these provisions to authorize a paper review as one way to "investigate" a claim and one way to make an "intelligent estimate" of liability.

Turn to the case law on the books at the time. Before *Sanders*, no Kentucky appellate court had held, or suggested, that paper reviews violate state law. Several Kentucky appellate courts had ruled on cases involving paper reviews without suggesting that this frequently used practice violates state law. *See, e.g.*, *Neurodiagnostics, Inc. v. Ky. Farm Bureau Mut. Ins. Co.*, 250 S.W.3d 321, 325 (Ky. 2008); *Allstate Ins. Co. v. McDowell*, No. 2002-CA-001949-MR, 2003 WL 22319462, at *2, *5 (Ky. Ct. App. Oct. 10, 2003). On top of that, several Kentucky and federal trial courts had held that a denial of benefits based on a paper review counts as a legitimate defense and reasonable foundation for withholding payment. *See Cope v. Gov't Emps. Ins. Co.*, No. 12-CI-2847, at *5 (Ky. Cir. Ct. July 9, 2014); *Risner v. State Farm Mut. Auto. Ins. Co.*, No. 14-41-HRW, 2015 WL 3857092, at *4–5 (E.D. Ky. June 22, 2015).

Now consider *Sanders*. In that case, the parties and trial court debated the meaning of K.R.S. § 304.39-270(1), which allows an insurer to request a medical examination as part of its

claim investigation. *Sanders*, 569 S.W.3d at 924. Consistent with State Farm's position, the trial court reasoned that, if the Act does not require a medical examination, a paper review suffices to deny a claim. *Id.* The Kentucky Supreme Court reversed. In doing so, it determined that the parties and trial court were "barking up the wrong tree." *Id.* It reasoned that § 304.39-270(1) governs only how an insurer *investigates* a claim, not how it *denies* one. *Sanders*, 569 S.W.3d at 924–25. As to this point, the court looked to the "presumption that any medical bill submitted is reasonable," K.R.S. § 304.39-020(5)(a), construing it to mean that insurers could not "deny[] medical treatment or bills based upon a paper review of the medical record" and could rebut the presumption that care was reasonable only through litigation, *Sanders*, 569 S.W.3d at 928. That interpretation broke new ground. State Farm had no obligation to predict this decision, particularly when several trial courts had approved the practice and the appellate courts had not hinted it was illegal.

Precedent since *Sanders* points the same way. Two other courts have held that pre-*Sanders* paper reviews established a reasonable foundation for delaying benefit payments. *See Byrd v. Progressive Direct Ins. Co.*, No.3:20-cv-119-DJH-CHL, 2021 WL 1225961, at *3–4 (W.D. Ky. Mar. 31, 2021); *Hack v. State Farm Fire & Cas. Ins. Co.*, No. 3:20-CV-134-CRS, 2020 WL 4803284, at *4 (W.D. Ky. Aug. 18, 2020). In neither case did the plaintiff clear Civil Rule 12(b)(6).

As a matter of law, State Farm acted reasonably in using the paper-review process before *Sanders*.

The policyholders push back. They claim that the district court ignored the Act's goal of "providing for prompt payment of needed medical care" for "motor vehicle accident victim[s]." K.R.S. § 304.39-010(3). But no statute pursues its purpose at all costs. *CTS Corp. v. Waldburger*,

573 U.S. 1, 12 (2014). And this purpose was not necessarily inconsistent with paper review anyway. That the Act does not permit or prohibit paper reviews amounts to the kind of statutory silence that the insurance company was entitled to fill with a reasonable interpretation.

The policyholders also contend that, because the insurer in *Sanders* was liable for 18 percent interest, State Farm should be too. But *Sanders* never mentioned this issue, let alone analyzed the interest provision. If it silently approved an 18 percent interest award, it never explained why nor indicated that the parties joined this debate. Perhaps it approved the award because GEICO's paper-review process had other flaws, such as these: It used physicians unlicensed in Kentucky, employed surgeons to review therapy claims, and failed to provide adequate credentials for the reviewing physicians. *Sanders*, 569 S.W.3d at 927. None of these defects exists here. Absent any reasoning on this score, *Sanders* offers no handhold for showing that State Farm acted unreasonably.

The policyholders add that pre-*Sanders* case law suggests that paper reviews did not comply with the Act. But the cases show no such thing. Take *Shelter Mutual Insurance Co. v. Askew*, 701 S.W.2d 139 (Ky. Ct. App. 1985). It did not address paper reviews. An insurer denied coverage based on the company's *own* review of the insured's medical records, not a medical professional's review. *Id.* at 140. The court held that a trial expert's testimony that he could have provided cheaper treatment to the insured did not retroactively create a reasonable foundation for the insurer's initial decision to deny coverage. *Id.* at 141–42. That is not this case. As for *Wilson v. State Farm Mutual Automobile Insurance Co.*, No. 1999-CA-001438-MR (Ky. Ct. App. Feb. 25, 2000), and *Allstate Insurance Co. v. McDowell*, No. 2002-CA-001949-MR, 2003 WL 22319462 (Ky. Ct. App. Oct. 10, 2003), the Kentucky Court of Appeals rejected paper reviews because they each were defective in those instances, not because they were defective in all

6

instances. One review was unverified, *Wilson*, slip op. at 3, and one was based on inaccurate information provided by the insurer, *McDowell*, 2003 WL 22319462, at *5. By holding particular forms of paper review ineffective, *Wilson* and *McDowell* implied that the practice could legitimately be used in other circumstances.

Two of the policyholders claim that their reimbursements did not include the requisite 12 percent interest. But the policyholders did not raise the point below and thus have forfeited it here.

Last of all, the policyholders claim that the district court should have remanded their claim under 28 U.S.C. § 1447(c), thereby eliminating jurisdiction for the district court to dismiss their claims under Civil Rule 12(b)(6). They contend that claims for statutory interest and attorney's fees by themselves do not meet the Class Action Fairness Act's $5 million amount-in-controversy threshold. But the amount in controversy is set at the time of removal, and subsequent events that "reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938). The same rule applies to the Class Action Fairness Act. *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014). So even if there is "a subsequent reduction of the amount at issue below jurisdictional levels, . . . a federal court will *keep* a removed case." *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *see also* 14AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702.4 ("[E]ven if part of [a] claim is dismissed . . . thereby reducing the plaintiff's remaining claim below the requisite amount in controversy, the district court retains jurisdiction to adjudicate the balance of the claim."). That is what happened here.

We affirm.