**Cynthia M. CRENSHAW, Movant,**

v.

**Jennifer Anne WEINBERG and Herschel Weinberg, Respondents.**

**No. 90–SC–125–DG.**

Supreme Court of Kentucky.

March 14, 1991.

Michael J. Darnell, Louisville, for movant.

John R. Martin, Jr., Bradley D. Harville, Landrum & Shouse, Louisville, for respondents.

LEIBSON, Justice.

This case involves applying KRS 304.39–230, the "Limitation of Actions" section of the Motor Vehicle Reparations Act ("MVRA"), to movant Crenshaw's tort liability claim. The Complaint alleges a rear-end collision on February 3, 1986, a cause of action in negligence, and serious and permanent injuries. It was filed July 12, 1988, some two and a half years after the collision occurred.

Depositions in the record established that at the time of the accident the movant was engaged in her employment with the Jefferson County Department of Human Services, and occupying a motor vehicle owned by Jefferson County Fiscal Court and insured with United States Fidelity and Guaranty Company. The automobile insurance policy covering Crenshaw's vehicle included coverage for basic reparations benefits ("BRB"), commonly called no-fault insurance.

Crenshaw was taken from the scene of the accident to the hospital by ambulance. There she received emergency treatment, and she was subsequently treated first by her family doctor and then by orthopedic specialists. She testified she was off work because of her injuries from the date of the accident until May 30, 1986, then again for two months from April to June of 1987, and finally, from June of 1988 through the time of her deposition in October of 1988. This

last work loss followed back surgery (a spinal fusion) performed because her symptoms had become progressively more severe.

Admittedly, she was entitled to no-fault benefits under the USF & G policy for medical expenses and work loss resulting from the covered accident. She had received partial payments for work loss and medical expenses through workers' compensation, but she was seemingly unaware for quite some time that she had no-fault coverage. She was an Indiana resident and this was her Kentucky employer's policy. She made no claim for no-fault benefits for her 1986 losses. She eventually made a claim for 1987 losses payable under the USF & G policy, but the first *payment* of basic reparations benefits was by check dated August 2, 1988. This was, of course, both more than two years after the date of the accident and, indeed, it was also after the date this action for tort liability was filed against Jennifer Weinberg, driver of the allegedly offending vehicle, and Herschel Weinberg, her father, who are the respondents herein.

It is not controverted that movant's claim for no-fault benefits was timely filed and duly paid under KRS 304.39–230(1), the subsection of the MVRA covering the time bar for "reparation benefits." Subsection (1) provides, in pertinent part, that an action for unpaid "reparation benefits ... may be commenced not later than two (2) years after the injured person suffers the *loss* and either knows, or in the exercise of reasonable diligence should know, that the *loss* was caused by the accident, or not later than four (4) years after the accident, whichever is earlier." [Emphasis added]. This subsection also provides; "[i]f ... reparation benefits have been paid ... an action for further benefits, ... by either the same or another claimant, may be commenced not later than two (2) years after the last payment of benefits."

It is clear from this subsection (KRS 304.39–230(1)) that the time bar for seeking no-fault benefits is *not* tied to the date of the accident until "four (4) years" has expired. Until then the time bar is tied to the date of the "loss," meaning the date the lost wages or medical expenses are incurred. In the present case it is undisputed that the claims for BRB losses incurred in 1987 and 1988 were timely, benefits were due, and benefits were paid, albeit *after* the tort action against the Weinbergs had already been filed.

The limitation of action subsection in the MVRA for filing a tort action is also found in KRS 304.39–230. Subsection (6) provides:

"An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than *two (2) years after the injury,* or the death, *or* the *last basic or added reparation payment* made by any reparation obligor, *whichever later occurs.*" [Emphasis added].

The plain meaning of this subsection is, when the "last ... payment" of BRB losses occurs more than two years after the accident, this is the event which "later occurs," and this extends the time limitation for "an action for tort liability" accordingly.

The deposition in the record from the USF & G claims representative establishes that the first claim for no-fault benefits was received April 13, 1988. No claim was made nor benefits paid until over two years after the date of the accident. The trial court dismissed the Complaint, stating:

"[T]he Court is of the opinion that the applicable statute of limitations, KRS 304.39–230(6), is a two-year statute of limitations with certain triggering events [either filing or payment of a claim for no-fault benefits] which may extend the applicable statute of limitations. As the Court finds that no such triggering events occurred within the two-year period ... Plaintiff's Complaint is in fact time barred by the applicable statute of limitations contained in KRS 304.39–230(6)."

The Court of Appeals affirmed the trial court, taking an even narrower view of the matter, leaving out filing a claim within two years as a "triggering" event either deliberately or inadvertently. The Court of Appeals stated:

"We agree with the trial court's analysis that the statute of limitations had run since the action was filed more than two (2) years after the injury and since no basic reparation benefit payments had yet been made as of that date."

We reverse because the trial court and Court of Appeals' Opinions are in derogation of the plain meaning of the statutory language in KRS 304.39–230(6). Our decision is controlled by the "plain meaning" rule as applied to this statute in *Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984).

By now it should be clear from our decisions, from *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975) to *Beacon Ins. Co. of America v. State Farm*, Ky., 795 S.W.2d 62 (1990), that we recognize the Motor Vehicle Reparations Act is comprehensive legislation covering much more than just no-fault insurance. In addition to structuring no-fault, the Act provides, *inter alia*, Kentucky's first *compulsory* automobile liability insurance law, new limits for liability insurance, mandatory offer of underinsured motorist protection, and for a variety of motor vehicle insurance regulatory practices, some related to no-fault insurance and some not.

In *Fann v. McGuffey, supra*, we stated: "The compulsory insurance aspect, about which there seems to be no legal question, is likely to rip off more skin than the limitation of tort rights." *Id.* at 777.

*Troxell v. Trammell*, Ky., 730 S.W.2d 525 (1987), addressed whether the two-year statute of limitations for tort actions in KRS 304.39–230(6), the *same* statutory subsection now under consideration, applied to a motorcyclist who had no no-fault coverage. We state:

"The MVRA applies alike to everyone who uses a motor vehicle on the public roads in Kentucky. The Act provides, in no uncertain terms, that 'any person' who 'uses a motor vehicle on the public roadways of this Commonwealth' is, 'as a condition of such ... use,' 'deemed to have accepted the provisions of this subtitle [the MVRA].' KRS 304.39–069(1). This can only mean 'any person' and all 'provisions.' *Id.* at 527.

. . . .

Our decision in *Bailey v. Reeves* recognizes that 'the purview of the Act is motor vehicle accident victims.' The appellant makes his claim as a motor vehicle accident victim, and as such he is within the 'purview of the Act.' " *Id.* 730 S.W.2d at 528.

Thus, we have consistently recognized that the purview of the MVRA was automobile insurance reform, not just to make the no-fault option available, and not just to benefit automobile liability insurance carriers by limiting the scope of liability claims where no-fault applied. The primary purpose of the MVRA is to benefit motor vehicle accident victims by reforming, and in some areas broadening, their ability to make and collect claims. One of these areas is by extending the statute of limitations in *all* actions for tort liability involving a motor vehicle accident victim "not abolished by KRS 304.39–060." KRS 304.-39–230(6). We have so held in *Troxell v. Trammell, supra*, and in *Bailey v. Reeves, supra*.

Counsel for respondents argues vehemently that the General Assembly intended two years as the outside limit for filing a tort action in a motor vehicle accident case unless the victim collects no-fault benefits within that period. But Section 230(6) plainly states "two (2) years after ... the last [BRB] payment made by any reparation obligor," as an alternative date within which an action for tort liability may be commenced. The statute does not qualify this alternative date with whether no-fault benefits are paid within two (2) years of the date of the accident.

Counsel for respondents further argues, as indeed he must, that the final phrase in KRS 304.39–230(6), "whichever later occurs," is meaningless. Section 230(6) is structured with parallel clauses on equal footing covering when an action for tort liability is time barred followed by this final phrase, "whichever later occurs." It is not meaningless, and we are not free to declare it so.

Respondents' arguments are based on a one-sided approach to legislative intent. But this narrow approach has several problems. In dealing with legislative intent, we cannot overlook the stated purpose of the MVRA was not only to encourage people to purchase no-fault insurance, but also to "reduce the need to resort to ... litigation." KRS 304.39–010(5). The General Assembly was seeking to promote "a system" where motor vehicle accident victims will seek payment for their losses before and, where possible, instead of filing tort actions. *Id.* Further, we cannot overlook that in Section 230(6) the General Assembly did in fact extend the period of time for bringing a tort action in a motor vehicle accident, previously just one year under the general statute of limitations for personal injury actions found in KRS 413.140(1)(a). The question is not *whether* the statute intended to extend the time bar for a motor vehicle accident victim bringing a tort action, but only for *how long* is the time bar extended and is there a *different time* where no-fault benefits are payable? In such circumstances it is reasonable to believe the alternate time bar in 230(6) means what it says rather than what respondents insist it intends.

The clause, "two years after the last basic or added reparation payment made by any reparation obligor" as stated in subsection (6) of Section 230 for determining limitations, relates back to the date of the loss for which no-fault benefits are payable as stated in subsection (1) of Section 230. As stated previously, subsection (1) expresses the time limit for an action to recover no-fault benefits to "two (2) years after the injured person suffers the *loss*" (but further limits to "not later than four (4) years after the accident"). Subsection (1) further provides that once no-fault benefits have been paid, an action for further benefits "may be commenced not later than two (2) years after the last payment of benefits." Thus, conceivably the time bar for tort liability could stretch even further in some few cases. But if we accept the premise the no-fault legislation was intended to en-

courage motor vehicle accident victims to put off tort litigation indefinitely, or perhaps entirely, in favor of seeking no-fault benefits, it is not unreasonable to believe the General Assembly intended just what its statutory structure supplies.

No doubt with good intentions the Court of Appeals has qualified the language of subsection (6). It qualifies the statutory language setting the time bar for an action for tort liability to two years after the last reparation payment by holding this applies only if a BRB payment has been made within two years of the date of accident. But the Court of Appeals is powerless to add this qualifier to the statute.[1] Further, if delay is the concern underlying the Court's decision to qualify the statute, the problem of delay is only slightly, if at all, improved by the qualifying language put in by the Court of Appeals. It declares the statute would not run two years after the injury if there had been payments made of no-fault benefits before the expiration of two years. If the statute of limitations for filing a tort action would be tolled by no-fault payments made before two years expired, what then would be the new limitations date? Would it then be two years from the date the last claim made under two years was presented or paid? Or, perhaps, so long as some losses are paid under two years, two years from payment of the last claim for no-fault benefits; a time potentially as extensive as tying to the last payment of no-fault benefits without regard to whether an earlier claim was made under or over two years. Even if we were disposed to put the same spin on this statutory language used by one or the other of the courts below, we find little if any remedial value in doing so. Except from barring *this* movant in *this* case, the view taken in the courts below does little to address the underlying concerns which generated those opinions.

We believe this case should be decided within the authority of *Bailey v. Reeves, supra,* and *Troxell v. Trammell, supra.* These cases repress the urge to attempt a

---

1. In the case of the trial judge, his qualifier requires that either a payment be made or a claim for payment presented within two years of the date of injury.

clean up of KRS 304.39–230(6), to apply judicial soap in an effort to expose some supposedly hidden meaning. In *Bailey v. Reeves, supra,* applying KRS 304.39–230(6) as written, we stated:

"We have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. [Case cited]. A legislature making no exceptions to the positive terms of a statute is presumed to have intended to make none. [Case cited]." 662 S.W.2d at 834.

In *Troxell v. Trammell, supra,* again interpreting this same 230(6), we stated:

"Our rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable." 730 S.W.2d at 528.

We find nothing "absurd or wholly unreasonable" in the "literal meaning" of the statutory language in 230(6) specifying "two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." Considering both 230(1) and (6), the plain meaning of the statute is that a person entitled to receive no-fault benefits has two years after the last payment of benefits in which to file an action for tort liability without regard to whether such benefits were first claimed or first paid within two years of the date of injury.

The decision of the Court of Appeals is reversed, and the Order and Judgment of the trial court dismissing the within action is set aside. The case is remanded to the trial court for further proceedings consistent with this Opinion.

All concur.