Terry MILBY, Appellant,

v.

Mark WRIGHT, Individually and as Agent of H.D.B. Cable Communications, Inc.; H.D.B. Cable Communications, Inc.; and David Elam, Appellees.

No. 96–SC–117–DG.

Supreme Court of Kentucky.

Sept. 4, 1997.

Joseph C. Souza, Anne Milton McMillin, Louisville, for appellant.

Pamela Adams Chesnut, J. Warren Keller, Boyd F. Taylor, Mary-Ann Smyth, William C. Stambaugh, Taylor, Keller & Dunaway, London, for appellees.

## OPINION

STUMBO, Justice.

This appeal questions the Court of Appeals' decision that held a personal injury suit was time barred by the two-year statute of limitations contained in KRS 304.39–230(6), and that neither KRS 304.39–040(2) nor KRS 413.270 provided additional time in which to file. We affirm.

Appellant, Terry Milby ("Milby"), was injured in a single-car accident on March 16,

1989. The car in question was owned either by Milby's employer, H.D.B. Cable Communications, Inc. ("H.D.B."), or by David Elam and/or Harold LeMaster (co-owners of H.D.B.). It was driven by his co-worker, Mark Wright. Wright apparently suffered a seizure as the two travelled to lunch. Milby received both basic reparation benefits (BRB) from the car's insurer, State Farm, and benefits from his employer's workers' compensation carrier for a period of temporary total disability. He received his last BRB payment for a medical expense on March 5, 1990.

Milby filed a workers' compensation claim, with H.D.B. as the named defendant. The Administrative Law Judge eventually dismissed the claim, holding that because Milby was not performing a service for his employer at the time of the injury, the claim fell within the "coming and going rule" and was, thus, noncompensable. *See, Baskin v. Community Towel Serv.,* Ky., 466 S.W.2d 456 (1971). That decision was affirmed at all levels on appeal, with this Court's opinion having been issued on March 24, 1994.

This personal injury claim was filed by Milby on March 16, 1992, against H.D.B., Mark Wright, David Elam, and Harold LeMaster. On April 8, 1992, Milby requested payment of a medical bill from Elam's insurer, State Farm. This was more than two years after the last BRB payment and the bill was for medical services rendered on August 12, 1991, some eight months earlier. State Farm refused to honor the bill on two grounds: because it believed that the statute of limitations had expired, and because the bill and accompanying medical report appeared to be associated with a work-related injury suffered during Milby's work for his then-current employer and not for the injuries received in the automobile accident.

Upon motion by the defendants below, the Pulaski Circuit Court dismissed the suit, holding that:

> KRS 304.39–230(6) requires that a civil action for injuries sustained in a motor vehicle collision be commenced within two years of the injury or the last basic reparation payment, whichever occurred later. Basic reparation benefits were paid to the Plaintiff through March 5, 1990. The complaint ... was filed more than two years after that date. It is therefore barred.

On the alternate argument that the saving statute, KRS 413.270, applied, the trial court held that the determination of whether the "coming and going rule" applied to bar Milby's workers' compensation claim was an issue of substantive law, not of jurisdiction. Therefore, the savings statute did not apply. In so ruling, the trial court also noted that the basis of and parties to the civil action were different than those asserted in the workers' compensation claim.

Milby's appeal raised both issues at the Court of Appeals, arguing additionally that State Farm wrongfully denied payment of the bill submitted in April of 1992, an issue raised at the trial court level but not resolved. Milby contended that because the bill was for treatment received within two years of the last BRB payment and should be assumed to be reasonable, the submission tolled the statute of limitations. The Court of Appeals agreed with the reasoning of the trial court on the two issues presented to it and rejected Milby's other argument. Citing the plain language of the statutes, the court held:

> Although KRS 304.30–040(2) [sic] states that basic reparations obligors shall pay basic reparations benefits for loss from injury arising out of the use of a motor vehicle, appellant ignores the fact that it is subject to the terms and conditions stated in the subtitle. One such condition is found in KRS 304.39–230(1), which clearly states in pertinent part that "[i]f basic or added reparation benefits have been paid for loss arising otherwise than from death, an action for further benefits ... may be commenced *not later than two (2) years after the last payment of benefits."* (Alteration in original).

The court deemed the more than two years that had passed since the last BRB payment fatal to the claim for additional BRB payment, as well as to the suit. The Court of Appeals affirmed in all respects. We granted discretionary review.

Milby repeats the three arguments raised before the lower courts. Addressing the last argument first, Appellant contends that an insurance carrier may not refuse to pay a medical expense in order to protect its statute of limitations defense. Citing KRS 304.39–040(2), wherein it states that the obligation to pay BRB "exists without regard to immunity from liability or suit which might otherwise be applicable," Appellant contends the limitations language of KRS 304.39–230 does not apply to the right to BRB set forth in KRS 304.39–030(1) ("[E]very person . . . has a right to basic reparation benefits"). Apparently, Appellant believes the Court of Appeals erred in equating a request for payment submitted to an insurance carrier to "an action for further benefits" which must be filed within two years of the last payment of benefits. The argument is that because the carrier is obliged to pay without regard to immunity from liability or suit, the insurer cannot, by virtue of refusal to pay, provide the insured with a statute of limitations defense.

■ We agree with the Court of Appeals that the claim for payment is subject to the limitation set forth in KRS 304.39–230(1). To hold otherwise would allow the potential plaintiff to hold the alleged tortfeasor hostage by the leisured submission of medical claims, thereby forestalling the running of the statute of limitations. One of the purposes of the Motor Vehicle Reparations Act (MVRA) was to simplify and speed up the process by which medical bills and other losses resulting from vehicular accidents are reimbursed, without resorting to litigation, thereby providing certainty at a time of need for those involved. *Crenshaw v. Weinberg,* Ky., 805 S.W.2d 129, 132 (1991); KRS 304.39–010(5). Analogous to the rights bestowed upon the injured person is the right of the other party to, eventually and within a time period that can be easily determined, be free of the possibility of becoming the target of litigation. It is that right that the time limitations of the MVRA are designed to provide.

We are aware of and take note of the holding of *Crenshaw,* wherein we stated that: "the plain meaning of the statute is that a person . . . has two years after the last payment of benefits in which to file an action for tort liability without regard to whether such benefits were first claimed or first paid within two years of the date of injury." *Id.* at 133. In the case at bar, benefits were both claimed and paid within two years of the injury. There was, however, a gap of more than two years between the last payment and the submission of the medical expense upon which Appellant relies to toll the statute of limitations. Additionally, the bill was rejected by the insurer—which, we note, has not been joined as a party to the instant action— as unrelated to the injuries incurred in the automobile accident, as well as on limitations grounds. The bill submitted in *Crenshaw* was not apparently contested on any basis by the insurer, and was in fact paid by the BRB carrier.

It is true that the obligation to pay BRB "exists without regard to immunity from liability or suit which might otherwise be applicable." KRS 304.39–040(2). That obligation, while strongly stated, does not require the BRB obligor to pay any bill submitted to it, without regard to whether it relates to the covered risk. Additionally, by its very terms, even if the bill had been deemed payable, the limitations defense is precisely the sort of "immunity from suit" the statute refers to. The unbroken two-year lack of BRB claims between March 5, 1990 and April 8, 1992 provided the Appellees with immunity from suit. Any complaint Appellant may have with regard to the failure of the insurer to pay the bill submitted to it is the subject for litigation with the insurer.

The final issue is whether the savings statute should have acted to toll the statute of limitations. KRS 413.270 provides as follows:

(1) If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not

be counted in applying any statute of limitation.

(2) As used in this section, "court" means all courts, commissions, and boards which are judicial or quasi-judicial tribunals authorized by the Constitution or statutes of the Commonwealth of Kentucky or of the United States of America.

It is the contention of Appellant that the workers' compensation finding that the injury was not work-related because it fell within the "coming and going rule" is tantamount to a finding that the workers' compensation system lacked jurisdiction to determine the merits of his claim. Therefore, it is argued, his claim is saved by KRS 413.270 and, thus, was timely filed. We disagree.

■ Jurisdiction is a term too often used in a loose fashion. It can mean the court's authority to determine a claim affecting a specific person. That is personal jurisdiction. The authority to determine a type of case, such as the dissolution of a marriage, is subject-matter jurisdiction. *See, e.g., Gordon v. NKC Hosp., Inc.,* Ky., 887 S.W.2d 360 (1994); *Duncan v. O'Nan,* Ky., 451 S.W.2d 626, 631 (1970). As a general matter a court is deprived of subject-matter jurisdiction only in cases "where the court has not been given any power to do anything at all in such a case, as where a tribunal vested with civil competence attempts to convict a citizen of a crime." *Duncan, supra,* at 631 (quoting *In re Estate of Rougeron,* 17 N.Y.2d 264, 271, 270 N.Y.S.2d 578, 583, 217 N.E.2d 639, 643 (N.Y.1966)).

Finally there is jurisdiction over the *particular* case at issue, which refers to the authority and power of the court to decide a *specific* case, rather than the class of cases over which the court has subject-matter jurisdiction. An apt example of this type of jurisdiction would be the instance of the filing of a notice of appeal in a civil case on the thirty-second day after the trial court entered judgment. The Court of Appeals has the authority to decide civil appeals in general, but lacks the power to adjudicate a case filed too late.

In the instant case, Appellant filed a workers' compensation claim, alleging he suffered an injury in the course of his employment which resulted in disability. A threshold issue in any workers' compensation case is whether the injury was indeed work related. As such, it is a question of fact which is the sole province of the Administrative Law Judge in the workers' compensation system. In *Gordon, supra,* we were faced with the question of whether KRS 342.690, which states that workers' compensation is the exclusive remedy for work-related injuries, automatically acted to deprive the circuit court of jurisdiction over the claim even though not raised as a bar to suit until after judgment was entered in favor of the injured party. We held that it did not, finding the lower court had confused an affirmative defense with a want of jurisdiction.

As we noted in *Gordon,* "a defense arising under the Workers' Compensation Act [is] a matter constituting an avoidance within the ambit of CR 8.03 which should be pled as an affirmative defense." *Id.* at 362–63. Issues such as whether the named employer was a "statutory employer" pursuant to KRS 342.700 and whether an employer is entitled to invoke the protections of KRS 342.690 as an "up the ladder" employer have both been held to be affirmative defenses. *Goldsmith v. Allied Bldg. Components,* Ky., 833 S.W.2d 378 (1992); *Allied Mach. v. Wilson,* Ky.App., 673 S.W.2d 728 (1984).

■ In the case at bar, the finding of the Administrative Law Judge that the claimed injury was not work related was simply an adjudication that the affirmative defense raised by the employer had been proven. In making that finding of fact, the ALJ was exercising his authority to "make rulings affecting the competency, relevancy, and materiality of the evidence ... presented ... and ... render final decisions, orders, or awards." KRS 342.230(3). In other words, the ALJ and Workers' Compensation Board were properly exercising their jurisdiction, not declining to adjudicate Appellant's claim for want of jurisdiction. KRS 413.270 does not save Appellant's claim.

Having found that the ruling on the workers' compensation claim was not an "adjudication that the court has no jurisdiction of the action," we need not address the remain-

ing arguments associated with the savings statute. The opinion of the Court of Appeals is hereby affirmed.

All concur.