RENDERED:  DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0887-MR

RUSSELL O. INMAN                                    CROSS-APPELLANT

v.        CROSS-APPEAL FROM JEFFERSON CIRCUIT COURT
          HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
          ACTION NO. 14-CI-006117

DEBRA STONE                                         CROSS-APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; GOODWINE AND McNEILL,
JUDGES.

CLAYTON, CHIEF JUDGE:  This case involves applying Kentucky Revised

Statutes (KRS) 304.39-230, or the "Limitation of Actions" section of the Motor

Vehicle Reparations Act ("MVRA"), to Debra Stone's tort liability claim against

Russell O. Inman.  Based on our review of the record and applicable law, we

affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2008, Stone and Inman were involved in a motor vehicle collision in Louisville, Kentucky, which injured Stone. As a result, Kentucky Farm Bureau ("KFB"), as Stone's no-fault/basic reparations benefits/personal injury protection (collectively, "PIP") insurance carrier, processed Stone's PIP claims and made PIP payments to healthcare providers on Stone's behalf beginning in 2009 through November 27, 2012.

On November 26, 2014, Stone filed a complaint against both Inman and KFB. Stone alleged that Inman had negligently operated his motor vehicle, causing her physical injury. Stone further alleged that Inman was liable to Stone under the provisions of the MVRA for economic losses Stone had sustained due to her injuries. Stone also alleged that she was entitled to recover underinsured motorist benefits against Inman. Moreover, Stone alleged that KFB had, without a reasonable foundation, failed to make the required PIP payments.

The record in this case contains a file-stamped original of the complaint indicating that Stone filed it in both the Jefferson District Court and the Jefferson Circuit Court on November 26, 2014. However, the record does not contain any summons or other proof that the complaint and summons were served on either Inman or KFB at the time that Stone filed the complaint. The parties indicate in their briefs that a civil summons was issued on December 1, 2014, "by

way of **RETURNED TO ATTORNEY/PETITIONER**." Thus, the record indicates that when Stone filed her complaint in November of 2014, she did not serve either Inman or KFB with a summons or copy of the complaint.

However, KFB made another PIP payment to Stone on December 1, 2014. Thereafter, Stone took no further steps to serve either Inman or KFB with the complaint or a summons or to progress the litigation in any fashion.

The circuit court subsequently entered a notice and order on September 21, 2016, for Stone to show cause why the circuit court should not dismiss the case for lack of prosecution. Stone filed a "verified motion not to dismiss" the action on October 13, 2016, indicating that Stone intended to move forward with the litigation. Meanwhile, KFB made its last PIP payment on behalf of Stone on October 14, 2016. The circuit court entered an order on October 25, 2016, retaining the case on the circuit court's active docket.

In January of 2017, Stone served KFB with a summons and the complaint. Stone also attempted to serve Inman in January and February of 2017, but the summons was returned to the clerk's office stating "Unclaimed" and "Unable to Forward." Inman indicates in his brief that he only received notice of the lawsuit in February of 2017 when Stone served KFB and KFB asserted a cross-claim against Inman for contribution and indemnity. Inman filed an answer on

February 20, 2017, asserting the defenses of statute of limitations, insufficiency of process, and lack of service of process.

On June 1, 2017, Inman filed a motion for summary judgment, arguing that Stone had not commenced her action within the statute of limitations applicable to a tort claim under the MVRA. The parties appeared before the circuit court on July 19, 2017, for a hearing, and the circuit court entered an order denying Inman's motion for summary judgment on August 8, 2017.

The case proceeded to trial on April 16, 2019, and concluded on April 18, 2019. The circuit court bifurcated and stayed Stone's claims against KFB pending the outcome of the claims between Stone and Inman at the trial. At the end of Stone's case-in-chief, Inman's counsel made a motion for a directed verdict for failure to commence the action within the applicable statute of limitations. The circuit court denied the motion.

The jury rendered a verdict in favor of Stone for $69,500.00 but reduced the verdict by 40% because Stone was not wearing a seatbelt at the time of the collision. The circuit court entered a trial order on April 29, 2019, reflecting the jury's verdict and further reducing the portion of the medical expenses of Stone's judgment to inure to the benefit of KFB for its PIP payments.

Stone filed a *pro se* notice of appeal on May 28, 2019, appealing the judgment entered in her favor. Inman filed a timely cross-appeal on June 4, 2019.

Stone failed to file a brief in her appeal. This Court ultimately dismissed her appeal on January 19, 2021, due to Stone's failure to comply with the Kentucky Rules of Civil Procedure (CR) in prosecuting her appeal. Thus, Inman has submitted his position in this matter as an appellant.

## ISSUES

This appeal involves two main issues: (1) a determination of the applicable statute of limitations on Stone's tort claim against Inman; and (2) a determination as to whether Stone properly commenced her tort action against Inman within such statute of limitations period.

## ANALYSIS

### a. Standard of Review

Statutory construction is a question of law, which we review *de novo*. *Jefferson County Bd. of Educ. v. Fell*, 391 S.W.3d 713, 718 (Ky. 2012) (citation omitted). As stated by the Kentucky Supreme Court:

> [i]n construing statutes, our goal, of course, is to give effect to the intent of the General Assembly. We derive that intent, if at all possible, from the language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration.... We presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes.

*Shawnee Telecom Resources, Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011) (citation omitted).

### b. <u>Discussion</u>

KRS 304.39-230(6) outlines the statute of limitations applicable to a tort claim arising out of a motor vehicle accident. Subsection (6) states, in pertinent part, that "[a]n action for tort liability . . . may be commenced not later than two (2) years after the injury . . . or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs." As explained by Justice Leibson in *Crenshaw v. Weinberg*, "[t]he clause, 'two years after . . . the last basic or added reparation payment made by any reparation obligor' . . . relates back to the date of the loss for which [PIP] benefits are payable as stated in subsection (1) of Section 230." 805 S.W.2d 129, 132 (Ky. 1991).

Accordingly, we must look to KRS 304.39-230(1) to determine the "date of loss for which [PIP] benefits are payable." *Crenshaw*, 805 S.W.2d at 132. Subsection (1) of Section 230 states that once an obligor has paid PIP benefits to a claimant, an "action for further [PIP] benefits by . . . the same . . . claimant, may be commenced not later than two (2) years after the last payment of benefits." The Kentucky Supreme Court has recognized that an "action for further [PIP] benefits" under KRS 304.39-230(1) includes a claim or request by an insured for payment of

-6-

PIP benefits from an insurance carrier.  *Milby v. Wright*, 952 S.W.2d 202, 204 (Ky. 1997).  As explained by another panel of this Court:  "[i]n [*Milby*] the Supreme Court was referring *to the submission of claims to the insurer, not the filing of a lawsuit*, when it said . . . the claim for payment is subject to the limitation set forth in KRS 304.39-230(1)."  *Joiner v. Kentucky Farm Bureau Mutual Insurance Company*, 582 S.W.3d 74, 79 (Ky. App. 2019) (internal quotation marks and citation omitted) (emphasis added).  Thus, under KRS 304.39-230(1), the relevant date is when a claimant requested a PIP payment and not when the insurance carrier made such payment.  *Id*.

We must, therefore, first determine in this case whether Stone submitted her last two PIP requests to KFB within two (2) years of the previous applicable PIP payments under KRS 304.39-230(1).  The parties stipulated that KFB issued Stone's third-to-last PIP payment on November 27, 2012.  Thus, under KRS 304.39-230(1), Stone had two years from that date to request from KFB her second-to-last PIP payment.

Here, the record does not contain the exact date Stone submitted her request to KFB for her second-to-last PIP payment.  However, KRS 446.030(1)(a) states, in relevant part:

> In computing any period of time prescribed or allowed by
> . . . any applicable statute . . . the day of the act [or] event
> after which the designated period of time begins to run is
> not to be included . . . unless it is a Saturday, a Sunday, a

-7-

legal holiday, or a day on which the public office in which a document is required to be filed is actually and legally closed, in which event the period runs until the end of the next day which is not one (1) of the days just mentioned.

Thus, under the preceding language, Stone could request from KFB her second-to-last PIP payment until Friday, November 28, 2014, and still fall within the applicable statute of limitations. However, KFB's office – as the office where Stone was required to file her PIP claims – was "actually . . . closed" on Friday, November 28, 2014. *Id*. Therefore, because the following days were Saturday and Sunday, the statute of limitations was tolled until December 1, 2014. Moreover, it is undisputed that KFB paid Stone's PIP claim on December 1, 2014. Thus, Stone had to have requested from KFB the second-to-last PIP payment before or on December 1, 2014. Therefore, Stone "commence[d] an action" for her PIP payment before the expiration of the two-year statute of limitations contained in KRS 304.39-230(1).

Similarly, the record reflects that KFB made one last PIP payment on Stone's behalf on October 14, 2016. As a result, Stone's request for the final PIP payment from KFB came on or before the expiration of the statute of limitations to request any further PIP payments from KFB.

Based on the unbroken chain of Stone's requests for, and KFB's payments of, her applicable PIP payments, which each fell within the statute of

limitations contained in KRS 304.39-230(1), we return to the language of KRS 304.39-230(6), which sets forth the statute of limitations for Stone's tort action against Inman.

Our analysis is always controlled by the "plain meaning" rule as applied to this statute in *Bailey v. Reeves*, 662 S.W.2d 832, 834-35 (Ky. 1984). The plain meaning of subsection (6) is, when the "last . . . payment" of PIP benefits occurs more than two years after the accident, this is the event which "later occurs." Accordingly, such payment extends the time limitation for a tort action. Thus, when one considers both KRS 304.39-230(1) and (6), the statute's plain meaning is that a person entitled to receive PIP benefits has two years after the last payment of such benefits to file an action for tort liability.

In this case, because KFB made the last PIP payment on October 14, 2016, Stone had until October 15, 2018, to commence her tort action against Inman. As argued by Inman, we note that the statute of limitations for tort liability under the MVRA could conceivably be tolled rather far, as it was in this case. Nevertheless, the stated purpose of the MVRA was not only to encourage people to purchase no-fault insurance but also to "reduce the need to resort to . . . litigation[.]" KRS 304.39-010(5). The General Assembly sought to promote "a system" where motor vehicle accident victims would seek payment for their losses before and, where possible, instead of filing tort actions. *Id*. We believe our

interpretation of the statute of limitations fulfills this purpose. *See Crenshaw*, 805 S.W.2d at 132.

Inman next argues that Stone did not commence her tort action against him in good faith because she did not immediately serve him with a summons and copy of the complaint. Under CR 3.01, "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." Therefore, Inman is correct that a lawsuit is not "commenced" simply by filing a complaint. Rather, a lawsuit is commenced when "there is a bona fide intention to have the summons filled out and signed by the clerk, accompanied by [a] bona fide, unequivocal intention to have it served or proceeded on presently or in due course or without abandonment." *Louisville & N.R. Co. v. Little*, 264 Ky. 579, 95 S.W.2d 253, 255 (1936).

Here, while the record does not reflect whether Inman received actual service of the summons and complaint, the record does indicate that Stone filed a civil summons against Inman in the circuit clerk's office on February 22, 2017. The record further indicates that Stone attempted service on Inman by certified mail, which returned unclaimed. We believe the foregoing actions demonstrated good faith and were sufficient to "commence" the action under CR 3.01 before the statute of limitations ended in October of 2018.

## CONCLUSION

For the preceding reasons, we affirm the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR CROSS-APPELLANT:   BRIEF FOR CROSS-APPELLEE:

Benjamin J. Weigel              Eric M. Lamb
Rachel K. Dalton                Louisville, Kentucky
Louisville, Kentucky