RENDERED: MARCH 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1139-ME

DARIAN R. CLAY                                                                 APPELLANT


                          APPEAL FROM OLDHAM CIRCUIT COURT
v.                        HONORABLE DOREEN S. GOODWIN, JUDGE
                          ACTION NO. 20-CI-00205


MARICARMEN[1] RIVERA                                                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND LAMBERT, JUDGES.

DIXON, JUDGE: Darian R. Clay, *pro se*, appeals the custody and parenting time

order entered by the Oldham Circuit Court on September 16, 2021. After careful

review of the briefs, the record, and the law, we affirm.

---

[1] Appellant's notice of appeal misidentified Appellee as Marie Carmen Rivera. We have opted
to use the correct spelling in this Opinion.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Clay and Maricarmen Rivera are the parents of H.C., born January 2010. Clay's paternity was established by the Jefferson Circuit Court in 2011, and as part of that action, orders regarding parenting time were entered. In May 2019, Clay's parenting time was restricted to supervised after Rivera sought and was granted a domestic violence order (DVO) from the Oldham Circuit Court; the DVO expired May 17, 2021.

In April 2020, Rivera filed the petition underlying this appeal seeking sole custody of H.C. and the establishment of a parenting time schedule for Clay. Clay moved to dismiss the action arguing that the Jefferson Circuit Court had continuing jurisdiction by virtue of its prior orders and that Rivera was proceeding improperly by seeking an initial determination of custody and parenting time instead of a modification. Rivera opposed the motion asserting that the Jefferson Circuit Court orders did not constitute initial determinations because they were not based upon a KRS[2] 403.270 best interest analysis. The court denied Clay's motion and proceeded with a hearing. Thereafter, by order entered September 16, 2021, the court denied Rivera's request for sole custody and set supervised parenting time for Clay. Clay timely appealed.

---

[2] Kentucky Revised Statutes.

## ANALYSIS

As a preliminary matter, we must address Rivera's contention that this appeal should be dismissed, or reviewed only for a manifest injustice, as a result of Clay's failure to provide specific citations to the record, as required by CR[3] 76.12(4)(c)(v), establishing that his alleged errors are preserved. Clay's brief contains a statement that his claims are preserved "by timely filed motions and objections during the Oldham Circuit Court hearing of August 11, 2021." However, as this assertion provides the Court no guidance as to where in the record or during the four-hour hearing the arguments can be located, we agree with Rivera that Clay's preservation statement is insufficient. Where a party fails to abide by the rules of civil procedure, we are permitted to ignore the deficiency, strike the brief in whole or part, or review the issues raised for manifest injustice. CR 76.12(8); *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990). Given the import of child-related matters, we will disregard the error to the extent Clay's claims are properly preserved.

Clay's first claim of error pertains to the court's application of KRS 403.270, which governs initial custody determinations, as opposed to KRS 403.340, relating to modifications of custody. We need not delve into the specifics of this contention since Rivera's petition for sole custody was denied and,

---

[3] Kentucky Rules of Civil Procedure.

consequently, any alleged error was harmless. CR 61.01. Likewise, we need not address Clay's argument that the court erred in determining custody without the filing of an affidavit as required by KRS 403.350.

Clay next contends that because Rivera failed to file a verified motion or affidavit, as required by FCRPP[4] 8(2) to seek a modification of parenting time orders, the court lacked particular case jurisdiction to adjudge the matter. Rivera disputes that FCRPP 8(2) is applicable, renewing her argument before the circuit court that the prior orders did not constitute initial determinations, and thus, jurisdiction was proper.

Particular case jurisdiction "'refers to the authority and power of the court to decide a *specific* case, rather than the class of cases over which the court has subject-matter jurisdiction.'" *Nordike v. Nordike*, 231 S.W.3d 733, 738 (Ky. 2007) (quoting *Milby v. Wright*, 952 S.W.2d 202, 205 (Ky. 1997)). Whether a court has particular case jurisdiction often turns solely on a party's compliance with prerequisites established by statute or rule. *Id*. FCRPP 8(2) provides that "[a] motion to modify parenting time shall set forth facts supporting the requested modification and be verified or accompanied by an affidavit." Assuming *arguendo* that Clay is correct that FCRPP 8(2) was applicable, we conclude Rivera

---

[4] Family Court Rules of Procedure and Practice.

substantially complied where she filed a verified petition, and thus, the court had particular case jurisdiction.

Clay additionally argues the court erred by relying on an expired DVO as the basis to modify his parenting time. We disagree. Pursuant to KRS 403.320(3), a "court may modify an order granting or denying [parenting time] whenever modification would serve the best interests of the child[.]" A history of domestic violence is undoubtedly a relevant factor to a child's best interests. *See* KRS 403.320(2). Moreover, the court herein did not conclude that modification was in H.C.'s best interest as an inherent consequence of the DVO; rather, the court determined H.C.'s discomfort with unsupervised time with Clay, a finding Clay has not challenged, required modification of his parenting time. Accordingly, we conclude this claim is without merit.

Finally, Clay takes umbrage with an order that he participate in parent-child therapy and argues the order constitutes the erroneous enforcement of a provision of the expired DVO. Pursuant to FCRPP 6(2)(c), because the underlying action is a dispute regarding custody or parenting time, the court is permitted to order family counseling, and thus, the order for parent-child therapy was not in error.

**CONCLUSION**

Therefore, and for the foregoing reasons, the order entered by the Oldham Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Darian R. Clay, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

Ben Wyman
Carrollton, Kentucky