RENDERED:  OCTOBER 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0304-MR

SANJAY CHAVDA AND GEETA
CHAVDA                                                                          APPELLANTS


                        APPEAL FROM CHRISTIAN CIRCUIT COURT
v.                      HONORABLE JOHN L. ATKINS, JUDGE
                        ACTION NO. 19-CI-00497


BHAUMIK SOLANKI                                                         APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  GOODWINE, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Sanjay and Geeta Chavda ("Chavdas") appeal from the order

of the Christian Circuit Court dismissing their claims against Bhaumik Solanki

("Solanki") for lack of jurisdiction.  For the reasons below, we affirm in part,

reverse in part, and remand.

According to the complaint, the Chavdas and Solanki are business partners in an Indian partnership, SAI Developers, which owns and operates rental properties in India. The Chavdas, who reside in Kentucky, contributed most of the financing to the partnership, while Solanki is responsible for managing the properties in India. For reasons unclear from the record, at some point, Solanki left India and came to Kentucky, leaving the properties unattended. While in Kentucky, the relationship between the partners deteriorated. The Chavdas allege that Solanki is misappropriating partnership assets and withholding partnership and personal documents. The Chavdas claim that they have taken steps in India to terminate Solanki's interest in the partnership.

The Chavdas' complaint states claims for extortion, misappropriation, theft by failure to make required disposition of property, and fraud. The prayer for relief seeks a judgment requiring Solanki to return deeds to partnership and personal property, as well as powers of attorney, and for damages for Solanki's alleged misappropriation of partnership assets. Solanki moved to dismiss the complaint, arguing that the trial court lacked personal jurisdiction because he is a resident of Alabama. He further argued the court lacked subject matter and particular case jurisdiction because the Chavdas' claims concern foreign property and a foreign partnership. The trial court granted the motion to dismiss with prejudice, finding that "the remedy for any valid dispute contained in the

Complaint must be resolved under the laws of the nation of India." This appeal followed.

The Chavdas argue the trial court erred in dismissing their complaint for lack of jurisdiction. They contend the trial court applied the wrong evidentiary standard and that the court has both subject matter and personal jurisdiction over their claims. Solanki responds that the trial court correctly dismissed the Chavdas' complaint because it lacked personal, subject-matter, and particular-case jurisdiction.

"When considering a motion to dismiss under Kentucky Rules of Civil Procedure (CR) 12.02, the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Worrell v. Stivers*, 523 S.W.3d 436, 439 (Ky. App. 2017) (citation omitted). Further, the question of jurisdiction is an issue of law, so our review is de novo. *Appalachian Regional Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007) (citations omitted).

There are three separate types of jurisdiction: (1) subject-matter jurisdiction involving authority over the nature of a case and the general type of controversy, (2) jurisdiction over a particular case involving authority to decide a specific case, and (3) personal jurisdiction involving authority over specific persons. *See Nordike v. Nordike*, 231 S.W.3d 733, 737-38 (Ky.

2007) (citing *Milby v. Wright*, 952 S.W.2d 202, 205 (Ky. 1997) and *Covington Trust Co. of Covington v. Owens*, 278 Ky. 695, 129 S.W.2d 186, 190 (1939)). The trial court's order only addressed jurisdiction generally, finding that "the remedy for any valid dispute contained in the Complaint must be resolved under the laws of the nation of India." Based upon this language, it is unclear which type of jurisdiction the trial court believed it lacked. Therefore, to determine whether the trial court erred, we will analyze each type separately.

Subject-matter jurisdiction refers to a court's authority "to hear and rule on a particular type of controversy." *Nordike*, 231 S.W.3d at 737. "Whether a court has subject-matter jurisdiction is determined at the beginning of a case, based on the type of case presented." *Commonwealth v. Steadman*, 411 S.W.3d 717, 722 (Ky. 2013). "The court has subject matter jurisdiction when the 'kind of case' identified in the pleadings is one which the court has been empowered, by statute or constitutional provision, to adjudicate." *Daugherty v. Telek*, 366 S.W.3d 463, 467 (Ky. 2012) (citation omitted). "[G]enerally speaking, circuit courts are courts of general jurisdiction, capable of hearing 'all justiciable causes not vested in some other court.'" *Commonwealth v. Hamilton*, 411 S.W.3d 741, 746 (Ky. 2013) (citing KY. CONST. § 112(5); Kentucky Revised Statute ("KRS") 23A.010).

The Chavdas' complaint asserts civil claims for extortion, misappropriation, theft by failure to make required disposition of property, and

fraud. The trial court, as a court of general jurisdiction, has the authority to hear these types of claims. Solanki's sole argument to the trial court was that the court lacked subject-matter jurisdiction because there "is no statute or constitutional provisions which allows this Court to adjudicate matters arising under the laws of the country of India or to adjudicate rights regarding an entity organized by Indian law." However, the Chavdas' claims do not require the trial court to adjudicate any rights concerning the Indian partnership. The Chavdas' claims concern Solanki's actions and are the proper subject of the trial court's general subject-matter jurisdiction.

Particular-case jurisdiction "refers to a court's authority to determine a specific case (as opposed to the class of cases of which the court has subject matter jurisdiction)." *Steadman*, 411 S.W.3d at 722 (citation omitted). "This kind of jurisdiction often turns solely on proof of certain compliance with statutory requirements and so-called jurisdictional facts, such as that an action was begun before a limitations period expired." *Nordike*, 231 S.W.3d at 738. Solanki has made no allegation that the Chavdas failed to comply with any statutory requirement to implicate particular-case jurisdiction. Solanki's only argument is that the trial court has no ability to adjudicate disputes under Indian law. But again, the Chavdas' complaint does not require the trial court to adjudicate any

dispute under Indian law.[1]  Therefore, the trial court had particular-case jurisdiction.

Finally, personal jurisdiction concerns "the court's authority to determine a claim affecting a specific person." *Milby*, 952 S.W.2d at 205.  It is undisputed that Solanki was residing in Alabama at the time the complaint was filed and has been since August of 2018.  The Chavdas argue that the trial court has personal jurisdiction over Solanki pursuant to Kentucky's long-arm statute, KRS 454.210.  "The purpose of Kentucky's long-arm statute, KRS 454.210, is to permit Kentucky courts to exercise personal jurisdiction over nonresident defendants while complying with federal constitutional due process." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 54 (Ky. 2011) (internal quotation marks and citation omitted).

Determining whether the long-arm statute applies consists of a two-step process.  *Caesars Riverboat Casino, LLC*, 336 S.W.3d at 57.  First, review must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories.  *Id.*  If not, then personal jurisdiction cannot be exercised.  *Id.*  But if

---

[1] We note that Solanki's argument is also incorrect.  Kentucky recognizes the doctrine of comity where "the courts of one state or jurisdiction give effect to the laws . . . of another . . . as a matter . . . of deference and respect." *State of Ohio v. Great Lakes Mins., LLC*, 597 S.W.3d 169, 173 (Ky. 2019) (citing 16 AM. JUR. 2D *Conflict of Laws* § 11 (2019)).

the statute is applicable, a second step is necessary to ascertain whether the exercise of personal jurisdiction over the nonresident defendant offends the nonresident's federal due process rights. *Id.*

Turning to the first step, "personal jurisdiction is authorized under the statute only if [the Chavdas'] claim[s] 'arise[] from' the statutory provision upon which long-arm jurisdiction is predicated." *Caesars Riverboat Casino, LLC*, 336 S.W.3d at 58. This means that there must exist "a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm-jurisdiction[.]" *Id.* at 59. The Chavdas cite KRS 454.210(2)(a)3., which permits long-arm jurisdiction against defendants "[c]ausing tortious injury by an act or omission in this Commonwealth[.]" Therefore, we must consider whether the Chavdas' claims arise from Solanki's causing tortious injury by an act or omission in Kentucky.

The Chavdas have asserted claims for extortion, misappropriation, theft by failure to make required disposition of property, and fraud. Looking at the allegations in the complaint concerning the first three claims, they all concern Solanki's refusal to turn over partnership documents to the Chavdas. These allegations do not arise from specific events occurring in Kentucky. In fact, according to the complaint, Solanki placed these documents in a safety deposit box in India prior to coming to Kentucky. Therefore, any wrongful deprivation would

have occurred in India, not Kentucky. At the center of these claims is the question of who is entitled to the partnership documents, which necessarily concerns acts that occurred in India, where the Indian partnership was formed. The Chavdas have not shown a reasonable and direct nexus between the conduct that caused their injury (failure to return the partnership documents) and Solanki's contacts with Kentucky. Therefore, KRS 454.210(2)(a)3. does not confer personal jurisdiction over Solanki as to those claims.

However, the Chavdas fraud claim does arise from Solanki's actions in Kentucky.[2] According to the complaint, the Chavdas paid for Solanki's two-week trip to India based upon Solanki's representations that he would retrieve and turn over the partnership documents. There is a reasonable and direct nexus between the fraud claim and Solanki's conduct in Kentucky. Therefore, having found that the long-arm statute applies, we proceed to determine whether this application offends federal due process standards.

---

[2] In Kentucky, a fraud claim "requires proof, by clear and convincing evidence, of the following six elements: (1) that the declarant made a material representation to the plaintiff, (2) that this representation was false, (3) that the declarant knew the representation was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff." *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009). While the Chavdas' complaint seeks the return of the partnership and personal documents, the Chavdas' remedy, if they prevail on their fraud claim, would be limited to those damages caused by Solanki's misrepresentation.

"[D]ue process requires . . . that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hinners v. Robey*, 336 S.W.3d 891, 897 (Ky. 2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)). "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* (citations omitted).

Here, the Chavdas' fraud claim "arise[s] out of" Solanki's activities in Kentucky. Further, Solanki lived in Kentucky during the time of many of the allegations in the complaint, giving him fair warning that he might be sued there. *See Hinners*, 336 S.W.3d at 898 (citation omitted) ("[T]erritorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there[.]"). Therefore, we find that exercising personal jurisdiction over Solanki does not offend federal due process.

Based upon the foregoing, we affirm that part of the trial court's order dismissing the Chavdas' claims for extortion, misappropriation, and failure to

make required disposition of property for lack of jurisdiction, albeit for different reasoning, specifically, lack of personal jurisdiction under Kentucky's long-arm statute.  We reverse that part of the order dismissing the Chavdas' fraud claim and remand the case for further proceedings.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kenneth W. Humphries
Hopkinsville, Kentucky

BRIEF FOR APPELLEE:

Elizabeth Teel
Russellville, Kentucky